Judge Nicholas
delivered the Opinion of the Court.
Campbell sued Threlkeld, in detinue, for a slave; and also filed her bill against him, ajleging her apprehension that he would remove the slave out of the state; upon which she obtained an order requiring the sheriff to take the slave into custody, to abide the event of the action of detinue, unless Threlkeld would give bond and security to have the slave forthcoming. Threlkeld failing to give the bond, the sheriff took the slave into custody, and kept him until the termination of the suit, about two years thereafter. Campbell failed to recover in the action of detinue, and her- injunction was ultimately dissolved, and her bill dismissed. Threlkeld then brought this action on the case, against Campbell', for the malicious prosecution of the bill in chancery, whereby he alleges, that he sustained damage in the loss of the use and hire of the slave.
On the trial, he adduced nothing but the facts above stated, conducing to show that the suit was maliciously prosecuted ; and the defendant thereupon moved an instruction as in case of-a nonsuit, which was overruled. The court, also, refused to permit the defendant to prove facts conducing to show, that the suit had not been instituted through malice.
The motion for a nonsuit should have prevailed. It appears to be well established, that it is not sufficient lor the plaintiff, in this kind of action, to show that the suit has terminated in his favor; but he must further- ’ more sustain, by additional proof, the essential allega *426 tion-, that the suit was maliciously prosecuted, without probable cause. Of course, it is competent for the defendant to prove,. there was no malice, and that there was probable cause.
Judgment reversed, with costs, and cause remanded with instructions for a new trial, and further proceedings consistent herewith.