## DE HART v. GRAY et al.

Court of Appeals of Kentucky.
Jan. 18, 1952.

Claude E. Smith, John B. Anderson, Owensboro, for appellant.

William Louis Wilson, Owensboro, John Talbott, Frankfort, for appellees.

LATIMER, Justice.

Appellant, Elvis DeHart, instituted this action against appellees, Raymond Gray and Almond Russell, to recover damages for false arrest and imprisonment. From judgment in favor of appellees this appeal is prosecuted.

At the time this cause of action arose Gray and Russell were highway patrolmen on duty in Daviess County. They received information through a Mr. Carlin, who operated a store near Utica, that DeHart was drunk and driving a red Chevrolet truck on the highway in a dangerous manner. These patrolmen went immediately to the scene where they first saw Mr. Carlin, who advised them that DeHart had gone to the home of a Mr. and Mrs. Drace who lived nearby. Two bystanders accompanied the patrolmen to the Drace residence. Upon their arrival at the Drace home, they found the red Chevrolet truck parked in the middle of the highway with the lights on, the motor running and the left door open.

Appellees' testimony, which was corroborated by these two bystanders is to the effect that Patrolman Gray went to the front door of the Drace home and made inquiry as to the owner of the truck, whereupon DeHart staggered out the front door saying that it was his and that he would move it. It appears that Patrolman Russell remained on the outside, and according to his testimony, corroborated by these two bystanders, Gray went on into the Drace house and DeHart staggered on down to his truck. He stepped on the running board as if to enter the vehicle and made the statement that he was going to move his truck. Whereupon Russell placed him under arrest, advising him that he was drunk and in no condition to drive the truck. Russell then undertook to search DeHart and, after a struggle, found a pistol loaded with five cartridges.

DeHart was then taken to Owensboro and placed in jail. Mr. Carlin swore out a warrant for drunken driving and on the following day DeHart pleaded guilty to an amended charge of reckless driving and paid a fine of one hundred dollars.

Patrolmen Gray and Russell, after consulting with the Daviess County Attorney and upon his advice, swore out a warrant for the arrest of DeHart for carrying concealed a deadly weapon. At the next term of the Daviess Circuit Court, DeHart was indicted. Upon call of the case for trial, DeHart filed motion to suppress the evidence of the patrolmen relative to the concealed deadly weapon, on the ground that same was obtained by an illegal search. The Commonwealth's Attorney concurred in DeHart's request. The court sustained the motion to suppress on the grounds that the search was illegal.

DeHart then instituted this action. Upon trial of the issue, the jury found for the defendants. Appellant is here on the principal ground that the court erred in refusing peremptorily to instruct the jury to find a verdict in his favor. The other grounds are more or less related to this one principal ground and will be considered in connection therewith.

Appellant contends that, since the arresting officers did not see a misdemeanor being committed in their presence nor had any grounds to suspect that a felony had been committed, one or the other of which is a prerequisite to making the arrest without a warrant, the arrest was illegal. Criminal Code of Practice, Section 36. The case, therefore, stands or falls on whether or not appellant was properly placed under arrest. If so, the search for and discovery of the concealed weapon after the arrest was proper. Otherwise, it was illegal.

Authorities are in disagreement as to the construction that should be placed upon a statute denouncing the offense of driving a motor vehicle while under the influence of intoxicants. Some hold to a strict construction, while others incline to the more liberal. Inasmuch as such a statute is designed to protect the public, the latter appears to us to be the more reasonable approach.

We find authorities pro and con as to what constitutes driving or operating a motor vehicle. They seem generally to agree that an automobile is not being operated where it remains stationary and no attempt is made to put it in motion.

Appellant apparently takes the position that the operation must be complete or extended to come within the prohibition of the statute. Cowan v. Commonwealth, 308 Ky. 842, 215 S.W.2d 989, is cited as controlling. There, Cowan's motor vehicle had come to a complete stop. He had left it and evidenced no intention of again operating it. Here, the officers, after having received information of DeHart's condition and after having seen the damage done by DeHart to the Carlin residence and store, and after having found DeHart's truck in the middle of the road with its door open, its lights on and the motor running, saw DeHart, in a drunken condition, stepping into the truck with the avowed intention of driving it.

We need not go into an elaborate discussion of the cases cited pro and con as to the sufficiency of operation to constitute the offense of operating while under the influence of intoxicants. In State v. Storrs, 105 Vt. 180, 163 A. 560, it was held that the turning of an ignition switch was operating a motor vehicle. In Ohio v. Wilgus, Ohio Com.Pl., 17 Ohio Supp. 34, it was held that sitting behind the wheel of an automobile asleep, with motor idling, was such actual physical control of the motor vehicle as to constitute driving while under the influence of intoxicating liquor. For various other constructions see State v. Tacey, 102 Vt. 439, 150 A. 68, 68 A.L.R. 1353; State v. Magdich, 105 W.Va. 585, 143 S.E. 348; State v. Webb, 202 Iowa 633, 210 N.W. 751, 49 A.L.R. 1389; Commonwealth v. Uski, 263 Mass. 22, 160 N.E. 305.

We return again to the facts of this case. DeHart was in physical control of the truck when he left it with the engine running and the lights on. He continued the exercise of this control when he returned to the vehicle with the pronounced intention of driving it. Applying to the above circumstances the rule that a prohibiting statute designed to protect the public must be liberally construed in order to effectuate its purpose, we conclude that appellant was not entitled to a peremptory

instruction. We think the court properly instructed the jury and submitted the matter.

■ Appellant urges error by the court in admitting incompetent evidence concerning the pistol found on appellant. The conclusion above obviates a lengthy discussion of this ground. Cases are cited which hold that, in prosecutions for felony, evidence resulting from unlawful search is incompetent. This undoubtedly is true. However, this is a civil suit wherein damages are sought for false arrest and false imprisonment. Initially, malicious prosecution was included, but later omitted from the action by amended petition. In such action for damages, the amount of recovery may somewhat be influenced by testimony showing mitigating circumstances, such as facts negativing malice, or showing that the person sought to be charged acted in good faith. Consequently such evidence is obviously competent. See Botts v. Williams, 17 B.Mon. 687; Campbell v. Threlkeld, 32 Ky. 425, 2 Dana 425.

The judgment is affirmed.