William O. NEWMAN et al., Appellants,

v.

Lee STINSON, Appellee.

Court of Appeals of Kentucky.

Oct. 20, 1972.

Mary Jo Arterberry, Frankfort, for appellants.

Kenny Grantz, Louisville, for appellee.

VANCE, Commissioner.

The appellee, Lee Stinson, was arrested by police officers in Louisville, Kentucky, at a time when he was nearly "passed out" behind the steering wheel of his automobile. The automobile was stopped at a street intersection with the motor running. It had not moved for some time although the traffic light had changed several times prior to the arrest.

The officers took the appellee to Louisville General Hospital and requested him to submit to a breathalyzer test. Appellee exhaled some breath into the equipment but the operator of the equipment was unable to obtain a reading from the sample given. The appellee was then requested to breathe again into the equipment. This he refused to do on the ground that he had already complied with the law.

Pursuant to KRS 186.565, an affidavit was filed with the Department of Public Safety certifying the refusal of appellee to submit to the test and thereupon appellee's operator's license was revoked by the Department. He requested and was given the administrative hearing provided by the statute and the revocation was upheld by the Commissioner of Public Safety.

Appellee then appealed to the Jefferson Circuit Court which set aside the revocation, and from the judgment setting aside the revocation the Department of Public Safety now appeals.

Four issues are raised by this appeal. They are: (1) Was there substantial proof that the appellee was in actual control of

the motor vehicle, (2) did the appellee sufficiently comply with the requirement of submitting to the test, (3) was KRS 186.-565 enforced against the appellee in an unconstitutionally discriminatory manner and (4) is KRS 186.565 unconstitutional as violative of the Fifth and Fourteenth Amendments of the Constitution of the United States and Section Eleven of the Constitution of Kentucky?

With respect to the first issue, it is undisputed that the appellee was nearly passed out over the steering wheel of his motor vehicle which, at the time of his arrest, was stopped at an intersection with the motor running. Appellee points out, however, that no witness saw him drive the car or exercise any control over it.

KRS 186.565(1) provides:

" * * * The test shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle in this state while under the influence of intoxicating beverages. * * *."

In DeHart v. Gray, Ky., 245 S.W.2d 434 (1952), we held that one who had left his motor vehicle parked on the street with the motor running and had gone into his house was nevertheless operating the automobile so as to sustain a drunk driving arrest when he staggered out of the house and announced his intention of moving the automobile.

Sitting behind the wheel of an automobile asleep with the motor running was held to be such actual control as to constitute driving while under the influence of intoxicating liquor in Ohio v. Wilgus, Ohio Com.Pl., 17 Ohio Supp. 34. Cf. State v. Webb, 78 Ariz. 8, 274 P.2d 338 (1954).

■■ In this case the appellee may well have had very little control of himself but the motor vehicle was unquestionably subject to his control or lack of it as the case may have been. The applicable statute required only that the arresting officer have reasonable grounds to believe that the appellee was in actual control of the automobile or that he had been driving it and the circumstances of appellee's arrest would reasonably support either belief.

■■ Next we come to appellee's contention that he sufficiently complied with the statute by exhaling into the breathalyzer equipment one time. He makes no contention that it was impossible for him to have submitted a further sample of his breath or that to have done so would have been injurious to him in any way. The statute does not prescribe any particular volume of air which must be breathed into the equipment to constitute compliance. In the absence of a showing of the impossibility of compliance or the likelihood of the harm resulting therefrom, we feel that the requirement of submission to the test contemplates that a sufficient sample be given to permit a test to be made and a test result obtained. The appellee did not sufficiently comply.

■ Appellee next contends that the statute was enforced against him in an unconstitutionally discriminatory manner. It was shown in evidence that in thirty of the one-hundred and twenty counties of the state the Department of Public Safety had received no record of any refusal of any person to submit to the test prescribed by KRS 186.565. From that fact the appellee and the trial court reasoned that the statute was not being uniformly enforced throughout the state and thus the appellee was denied equal protection of the law as required by the Fourteenth Amendment to the Constitution of the United States. Cf. City of Ashland v. Heck's, Inc., Ky., 407 S.W.2d 421 (1966).

We think the evidence does not warrant the conclusion reached. The fact that no record existed of a refusal of submission to a breathalyzer with respect to thirty counties could simply mean that all persons requested to submit to the test in those counties complied with the request.

Affidavits presented at the hearing before the Commissioner of Public Safety at-

test to the fact that facilities for administering the test are available in those counties and that the state police are actually enforcing the statute in them.

■ We think the evidence demonstrates that KRS 186.565 is enforced generally throughout the state. While there may be some persons who are not requested to submit to the test upon arrest, or even some who refuse to submit to the test and are not reported to the Department of Public Safety, the situation is a far cry from that involved in City of Ashland v. Heck's, Inc., supra, where flagrant and wholesale violations of the Sunday closing law were deliberately ignored and the law was sought to be enforced against specified businesses only. It is only the obvious and flagrant cases that warrant the relief granted in City of Ashland v. Heck's, Inc., supra, and proof only of isolated instances of lax enforcement or proof that some offenders have escaped prosecution will not suffice. Gibson Products v. Lowe, Ky., 440 S.W.2d 793 (1969).

The appellee failed to establish that KRS 186.565 was enforced against him in an unconstitutionally discriminatory manner.

■ The trial court adjudged that KRS 186.565 was unconstitutional by reason of the Fifth Amendment to the Constitution of the United States.

The Fifth Amendment provides in part that no person shall be compelled in any criminal case to be a witness against himself nor be deprived of life, liberty or property without due process of law. In Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), it was held that the protection of the Fifth Amendment against self-incrimination extends only to evidence of a testimonial nature. No person may be compelled to testify against himself in any criminal matter but the taking of finger prints, blood samples and breath for criminal analysis are in fact searches of the person for evidence rather than a compulsion of testimony.

Adequate protection against individual abuse may be found in the proscription against unreasonable searches and seizures contained in the Fourth Amendment to the United States Constitution but no issue is raised in this case of any violation of the Fourth Amendment. We concur in the reasoning of the Supreme Court that Fifth Amendment rights are not involved in the taking of breath samples for chemical analysis.

■■ It is true of course that Section Eleven of the Constitution of Kentucky is worded differently from the Fifth Amendment to the Federal Constitution in that Section Eleven of the State Constitution provides that *no person shall be compelled to give evidence against himself in a criminal prosecution.* It may be logically argued that even though the taking of a blood sample or breath sample be held not to constitute the compulsion of testimony, it nevertheless constitutes compulsion of evidence.

At least twenty-five states have a constitutional provision similar to Section Eleven of the Kentucky Constitution. The Fifth Amendment right against self-incrimination and the right given by Section Eleven of the Kentucky Constitution both arise from a common historical desire to prohibit the employment of legal process to extract from a person's own lips an admission of guilt which would thus take the place of other evidence. 8 Wigmore, Evidence (McNaughton Revision 1961), Section 2263. That the guarantees against self-incrimination of both the Federal and State Constitutions should have the same interpretation as far as possible despite some variance of wording is supported by Wigmore, 8 Wigmore, Evidence, Sections 2252 and 2263, and is affirmed by Schmerber v. California, supra. We conclude therefore that the protection against self-incrimination given by the Fifth Amendment to the United States Constitution is identical with that afforded by Section Eleven of the Kentucky Constitution.

Another constitutional infirmity is laid at the door of KRS 186.565 with the allegation that the statute is unconstitutional because it permits the revocation of an operator's license by the Department without first providing the licensee with a hearing upon the charges against him. This, it is contended, deprives the licensee of a property right or privilege without due process of law. This question was decided adversely to appellee's contention by this court in Craig v. Department of Public Safety, Ky., 471 S.W.2d 11 (1971), in which case the reasons for the decision are fully set out.

For the foregoing reasons the judgment is reversed and a new judgment shall be entered to sustain the revocation of appellee's license to operate a motor vehicle.

STEINFELD, C. J., and PALMORE, MILLIKEN, EDWARD P. HILL, Jr., and NEIKIRK, JJ., concur.

OSBORNE, J., dissents for the reason stated in his dissent in Craig v. Department of Public Safety, Ky., 471 S.W.2d 11.