**David Michael WELLS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 21, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court June 3, 1986.

Gene Lewter, Fayette County Legal Aid, Inc., Lexington, for appellant.

David L. Armstrong, Atty. Gen., Connie Malone, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, DUNN and HOWARD, JJ.

HOWARD, Judge.

This Court granted discretionary review from a ruling of Fayette Circuit Court upholding on appeal the appellant's convictions for operating a motor vehicle under the influence of alcohol and driving under a suspended or revoked license.

The appellant was tried before the Fayette District Court sitting without a jury. The facts are essentially undisputed. The police found the appellant asleep behind the wheel of his van in a parking lot outside the Continental Inn in Lexington. The appellant was alone, the key was in the ignition, and the van's motor was running. The transmission was in neutral and the emergency brake was engaged. A case of beer was in the van with three of four cans missing and one empty can was found. The arresting officer detected the odor of alcohol on the appellant who, upon emerging from the van, was unsteady on his feet. The appellant failed a field sobriety test and a breathalyzer test administered to him showed a reading of .17.

The trial court ruled that the term "operate" in KRS 189A.010(1) encompassed the conduct of the appellant and convicted the appellant of operating a motor vehicle under the influence of alcohol and also of driving a motor vehicle with a revoked or suspended license. The appellant was sentenced to a prison term of nine months and fined $1,000 for operation under the influence. In addition, he was sentenced to six months in jail and fined $500 for driving with a revoked or suspended license. The jail terms were to be served concurrently. The conviction was appealed to the Fayette Circuit Court which upheld the appellant's conviction.

The appellant's principal contention is that his actions do not constitute operating a motor vehicle under KRS 189A.010(1).

KRS 189A.010(1) provides that "[n]o person shall operate a motor vehicle anywhere in this state while under the influence of alcohol or any other substance which may impair one's driving ability." The term "operate" is not defined in the statute, however KRS 189.010(6) defines "operator" as the person in actual physical control of the vehicle. Further, KRS 186.565(1), by which all persons operating a motor vehicle in Kentucky are deemed to consent to testing for blood alcohol content, also refers to the operation of a motor vehicle as "driving or actual physical control."

The court below relied on *Newman v. Stinson*, Ky., 489 S.W.2d 826 (1972), as the basis for its decision. In *Newman*, the defendant was arrested as he sat behind the steering wheel of his automobile nearly

"passed out." The automobile was stopped at an intersection with the motor running and had not moved although the light had changed several times. The question presented to the court was whether the officers had reasonable grounds to believe that the defendant was either driving the vehicle or in actual physical control of it that would provide cause for administering the breath analysis examination pursuant to KRS 186.565(1). The Court held that the circumstances of the defendant's arrest would reasonably support either belief. Thus, the Court concluded that "[i]n this case the appellee [defendant] may well have had very little control of himself but the motor vehicle was unquestionably subject to his control or lack of it as the case may have been." *Id.* at 828.

In *DeHart v. Gray,* Ky., 245 S.W.2d 434 (1952), cited in *Newman, supra,* the appellant was reported to the police for driving his truck in a dangerous manner. The police located the truck parked in the middle of the highway with the headlights on, the door open, and the motor running near a residence where the appellant was reported to be. The appellant staggered out of the residence, told the police the truck belonged to him and stepped on the vehicle's running board stating he would move the truck. The appellant was then arrested for drunken driving. Following disposition of the criminal charge, the appellant brought suit against the officers for false imprisonment. The appellant argued that the arrest was illegal because the officers had insufficient grounds for making an arrest without a warrant.

The Court pointed out there are numerous conflicting cases from other jurisdictions on what degree of conduct constitutes operation of a motor vehicle while under the influence of intoxicants. The Court stated that the appellant was in physical control of the truck when he left the truck in the middle of the road with the engine running and the lights on. Further, he continued to exercise control when he returned to the vehicle announcing that he intended to drive it. Thus, the Court concluded that the evidence of "operation" was sufficient to justify the arrest.

■ We do not find that *Newman, supra,* or *DeHart, supra,* provide any hard and fast rules for determining when a person's actions constitute operation of a motor vehicle. However, we think these cases, along with some decisions from other jurisdictions, will provide guidance in reaching any decision in the instant case. We find that a number of factors have been used in determining whether a person operated or was in actual physical control of a motor vehicle including: (1) whether or not the person in the vehicle was asleep or awake; (2) whether or not the motor was running; (3) the location of the vehicle and all of the circumstances bearing on how the vehicle arrived at that location; and (4) the intent of the person behind the wheel. *See* Annot., 93 A.L.R.3d 7 (1979).

In *People v. Pomeroy,* 419 Mich. 441, 355 N.W.2d 98 (1984), the intoxicated defendant was found asleep in the driver's seat of a car legally parked outside a bar. The transmission was in neutral, the motor and heater were on, but the lights were off. The Court, under a statutory scheme virtually identical to Kentucky's, held that the defendant was not operating a motor vehicle while under the influence of alcohol. The Court reasoned that a person in the driver's seat of a car in motion may be operating the car although asleep or that an awake person in the driver's seat may be in such physical control of the vehicle that he is operating it although the car is motionless. However, the Court concluded that a sleeping person could not be operating a vehicle which is not moving. *See State v. O'Malley,* 120 N.H. 507, 416 A.2d 1387 (1980).

In most other jurisdictions where a sleeping person behind the steering wheel of a motionless car was held to be operating the motor vehicle, additional circumstances have been present that would show the person had in fact operated the vehicle. For example, in *Jacobson v. State,* 551 P.2d 935 (Alaska, 1976), the defendant was intoxicated and was found asleep in his

parked vehicle with the motor and heater running, but two wheels of the vehicle were situated on the highway and the other two were off the pavement. In *State v. Lariviere*, 2 Conn.Cir. 221, 197 A.2d 529 (1963), the defendant's car was found in a parking lot with its engine running and was obstructing traffic. The vehicle was not in a parking slot and the defendant was asleep in the driver's seat. The vehicle had apparently rolled or was driven from a parking space. *See Commonwealth v. Kloch*, 230 Pa.Super. 563, 327 A.2d 375 (1974).

In the above cases, the vehicle in question could not have reached their locations without some form of operation. Further, the circumstances rendered it virtually impossible that anyone besides the respective defendants could have performed these maneuvers. Thus, one may reasonably conclude that various defendants did in fact operate these motor vehicles.

Although the Kentucky cases of *Newman, supra,* and *DeHart, supra,* do not deal with the precise issue of operation of a motor vehicle under KRS 189A.010(1), it is apparent that facts concerning the location of these vehicles and the means of arrival were important. In *Newman, supra,* the car was found stopped at an intersection with a person nearly asleep sitting in the driver's seat. In *DeHart, supra,* the vehicle was left in the middle of the road when the owner told the police that the vehicle was his and that he would move it. Thus, the respective vehicles must have been controlled by someone to reach their locations and it appeared certain that the persons charged exercised that control.

In the instant case, the van was in a parking lot in a parking space, thus, there was no evidence that he had driven or otherwise operated the vehicle while intoxicated to its location. It was also not shown that he planned to operate the vehicle. That inference is negated by the facts that the transmission was in neutral and the parking brake was engaged. Most importantly, he was asleep at the time. "A sleeping person is seldom operating anything." *Pomeroy, supra,* at 100. The only act clearly demonstrated was that the appellant started the van's engine. When viewed in light of the other circumstances, we do believe that merely starting the engine in the van was not an exercise of actual physical control as defined in the above cases.

The Commonwealth has the burden of proving each essential element of a crime beyond a reasonable doubt. *Timmons v. Commonwealth,* Ky., 555 S.W.2d 234 (1977). We think that the Commonwealth presented insufficient evidence of operation by the appellant to sustain a conviction under KRS 189A.010(1).

The appellant also seeks to have his conviction for driving with a revoked or suspended license overturned. However, no issues in regard to this conviction were raised in the appeal to Fayette Circuit Court nor did that court make any rulings concerning this question. Therefore, we will not consider any such issues upon discretionary review.

The judgment is reversed.

All concur.