**Carl O'Day HARRIS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 28, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court June 3, 1986.

E.R. Gregory, Bowling Green, for appellant.

David L. Armstrong, Atty. Gen., David K. Martin, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, DUNN and HOWARD, JJ.

HOWARD, Judge.

In this case, the appellant seeks review of the judgment of the Simpson Circuit Court upholding the appellant's conviction for operating a motor vehicle while under the influence of intoxicants.

On August 3, 1984, the appellant parked his truck in the parking lot of McDonald's in Franklin, Kentucky. The truck was parked parallel to the curb rather than between the parking lines. He entered the restaurant, bought some hamburgers, and returned to his truck.

The employees of the McDonald's noted the truck was in the same position for two hours and the appellant was seen slumped over in the seat. The police were called to investigate. When they arrived, they awakened the appellant by tapping on the truck window. After the appellant exited the truck, the police discovered that the appellant was intoxicated and they found a partly empty whiskey bottle and a full one in the truck. The appellant explained that after he ate the hamburgers, he waited for his son and in the meantime he drank some whiskey. Later, he fell asleep. It is apparently undisputed that appellant was sober when he first entered the restaurant.

Although the truck's motor was not running, the key was in the ignition and turned to the "on" position. The police arrested the appellant and charged him with operat-

ing a motor vehicle while under the influence of alcohol. The appellant was tried before a jury in district court and was convicted of the offense charged. The court sentenced him to a thirty-day jail term and ordered him to pay a $500 fine.

The appellant appealed his conviction to Simpson Circuit Court, contending *inter alia* that he did not operate the truck for purposes of KRS 189A.010(1). The circuit court upheld the appellant's conviction and this Court has granted discretionary review.

We believe the instant case must be disposed of according to our decision in *Wells v. Commonwealth,* Ky.App., 709 S.W.2d 847 (1986). In *Wells,* this Court held that to be operating a motor vehicle for purposes of KRS 189A.010(1), a person had to be in actual physical control of the vehicle. We discussed a number of factors in determining whether one was exercising that degree of control including: (1) whether or not the person in the driver's seat was asleep or awake; (2) whether or not the vehicle's engine was running; (3) the location of the vehicle and any circumstances showing how the vehicle arrived there; and (4) the intent of the person behind the wheel.

In *Wells,* the accused was found asleep behind the wheel of a van with its motor running in a parking lot in a marked space. The transmission was in neutral and the emergency brake was engaged. There was no evidence that he had in any sense operated the vehicle to its location while intoxicated. While an individual may indeed operate a car when asleep, in general a sleeping person exercises little control over anything. The setting of the parking brake and the transmission indicated that he did not intend to operate the van. Therefore, in light of the circumstances, we held that the evidence was insufficient to show that the accused had operated the van while intoxicated.

In the instant case, the circumstances surrounding the appellant's arrest provide more compelling grounds for concluding that the appellant did not operate the truck than those present in *Wells.* It is undisputed that the appellant was not intoxicated when he first arrived at the McDonald's and that during the two hours he was there, the truck did not move. The truck's motor was not running at the time of his arrest, although the key was in the ignition and turned to "on." The appellant was asleep and difficult for the police to awaken. These facts do not show that he exercised any control over his truck while intoxicated in reaching its present location nor do they show that appellant was attempting to control the vehicle. In view of the circumstances, we do not find that the appellant was "operating" his truck for purposes of KRS 189A.010(1).

The judgment is reversed.

All concur.