Melvin PENCE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 90-CA-1723-DG.

Court of Appeals of Kentucky.

Sept. 6, 1991.

Discretionary Review Denied by Supreme Court March 4, 1992.

Case Ordered Published by Supreme Court March 13, 1992.

James T. Kelley, Elizabethtown, for appellant.

Frederic J. Cowan, Atty. Gen., Perry T. Ryan, Asst. Atty. Gen., Frankfort, Robert Keith Bond, Ken M. Howard, Elizabethtown, for appellee.

Before EMBERTON, HUDDLESTON and WILHOIT, JJ.

WILHOIT, Judge.

This matter is before the court on discretionary review from the Hardin Circuit Court. Two questions are raised: whether sufficient evidence was presented at trial to support the appellant's conviction for operating a motor vehicle while under the influence of alcohol (KRS 189A.010), and whether the trial court should have granted a mistrial because the jury was permitted to hear damaging hearsay testimony.

The evidence presented by the prosecution consisted of the testimony of the police officer who arrested him. The officer stated that in response to a complaint he went to the Big T Truck Stop and that when he arrived at the truck stop, "I was given a type of vehicle to look for.... [and] observed that vehicle in the parking facility...." He went to the vehicle where he found the appellant sitting behind the wheel. In response to a question by the officer, the appellant admitted that "he had been operating the vehicle." From observation of the appellant, the officer believed he was intoxicated and placed him under arrest for driving under the influence of intoxicating beverages. The officer took the appellant to jail where he gave him a breathalyzer test which showed a blood alcohol content of .26 percent.

The appellant objected to testimony by the officer that the police radio dispatcher had received a call stating "that a Mr. McMillen had called," and testimony that the officer was advised by the dispatcher "that the complainant had stated that he had followed an individual." The appellant asked for a mistrial maintaining that these references to hearsay gave the jury the impression that the officer had received "a complaint of a drunk driver, and he stopped him."

Bearing in mind that the Commonwealth has the burden of proving every element of the case beyond a reasonable doubt, *see* KRS 500.070; *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), we must consider whether the jury was presented with sufficient evidence from which it could infer beyond reasonable doubt that the appellant was or had been operating, while intoxicated, the vehicle in which he was found. There was evidence to support a jury finding that he was intoxicated when found in the vehicle and that at some indefinite time before his arrest he had been operating the vehicle. The flaw in the prosecution's case seems to be that there was no evidence to support a finding that the appellant was operating the vehicle while intoxicated.

It was not shown that at the time the officer came upon the appellant the engine in the appellant's vehicle was running or even that the engine was warm. There was no evidence that the ignition key was turned on. There likewise was no evidence that the appellant was then planning to move his vehicle and, in fact, another vehicle was parked behind the appellant blocking him "from exiting the parking spot." Nothing in the evidence presented indicates or permits a reasonable inference as to how long the appellant had been at the truck stop, whether five minutes or five hours. There was no proof showing it more likely that the appellant drove to the truck stop while intoxicated than that he got intoxicated after his arrival. Even if the officer's being sent to the truck stop could somehow be taken as substantive evidence of misconduct by the appellant immediately before the officer was dispatched, there is no evidence to indicate whether such misconduct consisted only of drunkenness in public or operating a motor vehicle while drunk.

In distinguishing this case from *Harris v. Commonwealth*, Ky.App., 709 S.W.2d 846 (1986), and *Wells v. Commonwealth*, Ky.App., 709 S.W.2d 847 (1986), in which the defendants were found asleep in their vehicles, the circuit court was convinced that *DeHart v. Gray*, Ky., 245 S.W.2d 434 (1952), a civil action for false arrest, was "the more appropriate precedent." However, that case, too, seems inapposite. There police officers were informed that the individual they later arrested was drunk and driving a red Chevrolet truck. They went immediately to the scene where the informant told them that the individual had gone to a nearby house. The police went to the house and found the truck in the middle of the highway with the lights on, the motor running, and the left door open. The individual staggered out of the house, said the truck was his, and that he would move it while stepping on the running board to enter the truck. The court held that these facts created a jury question as to whether a misdemeanor was committed in the officer's presence, because of the physical control exercised by the individual over a truck with a running engine and lights on when he entered the truck with the announced intention to move it.

*Newman v. Stinson*, Ky., 489 S.W.2d 826 (1972), also cited by the circuit court, involved a vehicle which was stopped at an intersection and in which the occupant was seated behind the wheel "nearly passed out." The engine was running and the traffic light changed several times while the vehicle remained stationary. The court held that these facts gave the arresting officer reasonable grounds to believe that the occupant was in actual control of the vehicle or had been driving it so as to authorize the officer to request a blood alcohol test under KRS 186.565. Neither this latter case nor *DeHart* offers authority to support a conclusion that the evidence presented in the case before us was suffi-

cient to establish guilt beyond reasonable doubt.

Viewing the evidence in the light most favorable to the prosecution, there is still an absence of proof that the appellant operated his vehicle while intoxicated. At best the evidence makes the existence of these elements of the offense slightly more probable than they would be without such evidence, but that is not enough. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

We would be the last to question the strict and energetic enforcement of the law against drunken driving. Nevertheless, the enforcement of this law, as well as the enforcement of any laws, regardless of popular sentiment, must not be accomplished at the expense of due process.

The order of the Hardin Circuit Court is reversed and this case is remanded to the Hardin District Court for entry of an order consistent with this opinion.

All concur.