Clarence M. MACE, Appellant,

v.

Geoffrey T. MORRIS, Judge, Jefferson Circuit Court and Commonwealth of Kentucky, Appellees.

No. 92–SC–535–MR.

Supreme Court of Kentucky.

Jan. 21, 1993.

Rehearing Denied May 27, 1993.

Daniel T. Goyette, J. David Niehaus, Deputy Appellate Defender, Jefferson Dist. Public Defender, Louisville, for appellant.

**458**

Chris Gorman, Atty. Gen., C. Lloyd Vest, II, Sp. Asst. Atty. Gen., Louisville, for appellees.

COMBS, Justice.

Clarence M. Mace appeals from an order of the Court of Appeals denying his petition for a writ of prohibition.

Mace was indicted for rape in the second degree and sexual abuse in the first degree. The Commonwealth moved the trial court for an order authorizing it to collect blood, hair and saliva specimens from the defendant, for scientific comparison with physical evidence obtained upon examination of the alleged victim. The motion was supported by the affidavit of the prosecutor, presenting the posture of the evidence. The motion was opposed on a number of grounds, all said to demonstrate that the court lacked authority to order the taking of the samples absent the defendant's consent. The Commonwealth's motion was granted, and Mace petitioned the Court of Appeals for a writ of prohibition. The petition was denied, hence the present appeal.

Very recently, dealing with an essentially identical case, we have upheld the procedure in question as a constitutionally permissible search. *Holbrook v. Knopf*, Ky., 847 S.W.2d 52 (1992). The *Holbrook* decision is dispositive of the present case.

We may, however, elaborate briefly on the appellant's argument that the procedure compels the defendant to "give evidence against himself," in violation of Section 11 of the Kentucky Constitution. In *Holbrook* we cited *Newman v. Stinson*, Ky., 489 S.W.2d 826 (1972) as "differentiating such procedures from self-incrimination." The appellant believes that *Newman v. Stinson* is quite "wrong-headed" in concluding that the protection afforded by Section 11 is identical to that provided by the Fifth Amendment to the federal constitution. He maintains that "to give evidence" (Section 11) is of broader scope than "to be a witness" (Fifth Amendment). In our view, Section 11 has not been contracted to force identity with the Fifth Amendment, but rather the Fifth Amendment has been read to prohibit the compulsion of testimonial evidence, whether from the witness stand or otherwise. The appellant asks us to read Section 11 to guarantee that a defendant may not be compelled "to give *up* evidence on which criminal liability can be imposed" (quoted from appellant's reply brief, emphasis added). We do not believe that Section 11 was intended to repeal the authority to seize physical evidence implied by Section 10.

The order of the Court of Appeals denying the petition for writ of prohibition is affirmed.

All concur.