**Lloyd J. WHITE, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

No. 2001–CA–002523–MR.

Court of Appeals of Kentucky.

Sept. 5, 2003.

Discretionary Review Denied by Supreme Court May 12, 2004.

Case Ordered Published by Supreme Court May 12, 2004.

Randall L. Wheeler, Frankfort, KY, for appellant.

Albert B. Chandler III, Attorney General of Kentucky, Elizabeth A. Heilman, Assistant Attorney General, Frankfort, KY, for appellee.

Before: DYCHE, and McANULTY, Judges; POTTER, Senior Judge.[1]

*OPINION*

McANULTY, Judge.

Appellant Lloyd J. White appeals his conviction pursuant to a conditional guilty plea, RCr 8.09, for driving under the influence, fourth offense. Appellant argues that the police did not have probable cause to arrest him for driving under the influence. He states they lacked reasonable grounds to believe he was operating his vehicle which was found stationary, not running, and with no one behind the wheel.

---

1. Senior Judge John Woods Potter sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

Having considered the totality of the circumstances in this case, we affirm.

The trial court held a hearing on appellant's motion to dismiss for lack of probable cause, wherein the following facts were adduced:

On December 2, 2000, at approximately 7:10 p.m., Kentucky State Troopers Gary Sandlin and Ronnie Long received a dispatch call regarding a report of a stationary vehicle in the roadway. A local sheriff's deputy also heard the report and radioed the troopers he would meet them at the scene. When the troopers drove up to the vehicle, Deputy Gabbard had arrived and appellant's wife, Deborah White, was there accompanied by a person with a wrecker attempting to remove the vehicle. The truck was resting against the guardrail on Old Quicksand Road and the rear end of the truck was partially in the roadway.

Deputy Gabbard reported to the troopers that shortly before they arrived, appellant had been driven to the scene by Richard Terry Jones. Mr. Jones lived approximately two-tenths of a mile from the site of the vehicle. Deputy Gabbard told them that appellant appeared to be intoxicated and there was evidence of alcohol in the truck.

Trooper Sandlin asked appellant if he had been drinking. Appellant responded affirmatively and told the officer that he was "pretty drunk." Appellant smelled of alcohol. Appellant denied driving the vehicle. Trooper Gary Sandlin asked who had been driving the vehicle and appellant responded that he could not tell him who was driving it. He asked him a second time, and appellant again said that he could not tell the officer that, that he didn't know. Trooper Gabbard proposed giving appellant some field sobriety tests, but appellant responded that he was too drunk to do the tests.

Trooper Sandlin testified that Mr. Jones told him at the scene that appellant came to his door and asked to use the phone to call his wife. Mr. Jones said appellant was very cold and smelled of alcohol. Mr. Jones told him that appellant used the phone and he overheard the conversation. He told Trooper Sandlin that, on the phone, appellant told his wife that he had lost his truck and couldn't remember where it was, and for her to bring a wrecker. Then Mr. Jones brought appellant back to the scene.

Trooper Ronnie Long testified that when they arrived, Deputy Gabbard, appellant, his wife and the wrecker were there. He said that while the other officer spoke to appellant, he went to the truck to ask appellant's wife what had happened. He said there were beer cans in the truck and he could smell alcohol in the truck. He asked Mrs. White who was driving and she said that she was. Trooper Long asked for her license, registration and insurance information. Then Trooper Sandlin spoke to Trooper Long by the police vehicle, and told him that appellant had been drinking. Trooper Sandlin advised him not to let appellant go back over by the truck to speak to Mrs. White.

Trooper Long returned to Mrs. White and asked her if she was driving. He believed that she was lying by her hesitation in answering questions. He then asked Mrs. White if she knew that it was a crime to lie to the state police. She sat still and Trooper Long asked the question again. Mrs. White answered no, and Trooper Long said, "Well, it is. Now were you driving the vehicle or not?" Trooper Long testified that Mrs. White answered, "No, he was." He said he went and informed Trooper Sandlin what she had said, and then returned to speak to Mrs. White. According to Trooper Long, she stated

that appellant had called her and told her he had wrecked, and for her to get a wrecker and meet him. She also told Trooper Long that appellant had been drinking prior to leaving their residence.

Appellant's wife testified at the hearing that she told Deputy Gabbard and Trooper Long repeatedly that appellant was not driving the truck. She said Trooper Long questioned her three or four times and kept threatening her with jail until she finally indicated that appellant was the one driving. However, she stated in court that appellant was not driving that night, but she was. She testified that she hit the guardrail, then left appellant in the truck and hitchhiked home to get a neighbor to tow the truck. She said when she returned, appellant was gone. She stated she was not home to receive a phone call from appellant that night. She testified she felt intimidated by Trooper Long.

Mr. Jones testified that appellant was a stranger to him when he came to the door of his house at a little after 7:00 p.m. that night. Appellant told him he had lost his truck and needed to call someone to come and get him. Mr. Jones stood by while appellant used the phone. He testified that appellant asked the person on the other end of the line to come get him because he had lost his truck. He said appellant earlier had stated that he was going to call home, and that his wife would be upset with him when she found out he had lost his truck. After appellant hung up the phone, they waited a while, and then Mr. Jones offered to drive appellant home. Once they were on the road, they spotted appellant's truck with its emergency flashers on. Mr. Jones said a wrecker and a police cruiser were present as well.

The trial court concluded at the close of the hearing, based on the totality of the evidence, that at the time of arrest the officers had probable cause to believe that appellant had been operating the vehicle. The court denied the motion to dismiss. On appeal, appellant argues that this ruling was error because there was no competent evidence to show that appellant was operating a vehicle while intoxicated. He argues that statements made by his wife, Deborah White, were privileged under the marital privilege and hearsay, and should not have been admitted or considered by the court in ruling on probable cause.

Although appellant did not object to the admission of the statements below, he requests that we review this question as a palpable error in applying the Kentucky Rules of Evidence pursuant to KRE 103(e). Appellant argues that it affects his substantial rights because his wife's statements were the only evidence the Commonwealth presented at the hearing to show that appellant was driving the truck that evening. We will review the issue.

■ Appellant argues that under KRE 504, the spousal privilege, all of Mrs. White's statements that evening were privileged. Appellant relies on subsection (b), which deals with "confidential communications" of the marriage:

> Marital communications. An individual has a privilege to refuse to testify and to prevent another from testifying to any confidential communication made by the individual to his or her spouse during their marriage. The privilege may be asserted only by the individual holding the privilege or by the holder's guardian, conservator, or personal representative. A communication is confidential if it is made privately by an individual to his or her spouse and is not intended for disclosure to any other person.

Communication includes more than verbal or written discourse between spouses, and is "construed to embrace all knowledge upon the part of the one or the other

obtained by reason of the marriage relation, and which, but for the confidence growing out of it, would not have been known to the party." *Slaven v. Commonwealth,* Ky., 962 S.W.2d 845, 851 (1997), *citing Commonwealth v. Sapp,* 90 Ky. 580, 14 S.W. 834, 835 (1890). The party invoking the marital privilege has the burden of proving its applicability. *Sanders v. Commonwealth,* Ky., 89 S.W.3d 380, 391 (2002).

■ The Rule states that the privilege may only be asserted by the person holding the privilege. Mrs. White did not assert the privilege at the hearing, but chose to testify. Appellant did not assert the marital privilege at the time of her testimony. Thus, appellant cannot complain at this stage since he thereby waived the spousal privilege by not asserting it.

■ Furthermore, the Commonwealth correctly asserts that not all of Mrs. White's statements were confidential marital communications. Thus, even if Mrs. White had asserted the privilege at the hearing or at trial, the troopers still could have testified to a number of her statements. The rule is that, "an out-of-court statement of a witness who is precluded from testifying because of the invocation of the spousal privilege is admissible if that statement falls within a recognized exception to the hearsay rule and if it does not divulge a confidential marital communication." *Slaven v. Commonwealth,* Ky., 962 S.W.2d 845, 853 (1997). "Confidential," in the context of the marital communication privilege, does not include communications made within the hearing or presence of another person, or which could have been observed by another person. *Id.* at 851–52. In *Slaven,* the Kentucky Supreme Court instructs that "confidential" as used in KRE 504 requires not only that the communication was made in private, but also that it was not intended for disclosure to

any other person, i.e., there must have been a positive expectation of confidentiality. *Id.* at 852.

■ Appellant argues that Mrs. White's knowledge of what appellant had been doing that evening was as a result of the martial relationship, and was privileged as confidential communications. We conclude, however, that the portion of the statements in which Mrs. White stated that appellant was driving was not a confidential communication. We agree with the Commonwealth that appellant was driving while intoxicated on a public roadway, and so this activity could have been observed by another person. Therefore, it cannot be said to have been confidential. In addition, the officer reported that Mrs. White said that she was not driving. This was a statement of her own activity and not a matter of communication between the spouses. Therefore, this was not a confidential communication.

Her other statements—that appellant had been drinking at home that night before leaving in the truck, and her side of the phone conversation—could properly be considered privileged marital communications, particularly if is assumed that they were matters intended to be kept confidential. Nevertheless, we conclude that even if these were excluded from the court's consideration there was still sufficient evidence to establish probable cause.

■ Appellant also argues that these statements were inadmissible hearsay. This claim of error also was not raised in the trial court. We conclude that the admission of hearsay evidence was proper at the hearing on probable cause. The Kentucky Rules of Evidence state that the evidence rules, other than those with respect to privileges, do not apply at preliminary hearings in criminal cases. KRE 1101(d)(5). In addition, the Rules of Crim-

inal Procedure state that in a preliminary hearing, the finding of probable cause may be based on hearsay evidence in whole or in part. RCr 3.14(2). The hearing in the case at bar served the same function as a preliminary hearing, which is to determine the existence of probable cause. *See King v. Venters,* Ky., 595 S.W.2d 714 (1980). Therefore, we find that the allowance of hearsay evidence was proper. There was no error.

 Next, appellant challenges the finding of probable cause. Probable cause must exist and must be known by the arresting officer at the time of the arrest. *Sampson v. Commonwealth,* Ky., 609 S.W.2d 355, 358 (1980). Probable cause exists when the totality of the evidence then known to the arresting officer creates a "fair probability" that the arrested person committed the felony. *Eldred v. Commonwealth,* Ky., 906 S.W.2d 694, 705 (1994). In *Wells v. Commonwealth,* Ky. App., 709 S.W.2d 847, 849 (1986) and *Harris v. Commonwealth,* Ky.App., 709 S.W.2d 846 (1986), this Court outlined a number of factors to consider whether a person operated or was in actual control of a motor vehicle while intoxicated. Appellant argues these factors do not correspond with the facts in his case, and so probable cause was lacking.

The factors cited include: "(1) whether or not the person in the vehicle was asleep or awake; (2) whether or not the motor was running; (3) the location of the vehicle and all of the circumstances bearing on how the vehicle arrived at that location; and (4) the intent of the person behind the wheel." *Wells,* 709 S.W.2d at 849; *Harris,* 709 S.W.2d at 847. In appellant's case, no one saw him operate the vehicle, and it was found unoccupied, stationary, and without the engine running. Appellant argues that there was no competent evidence, other than his wife's statements

which she repudiated, to show that he operated or was in actual physical control of the vehicle.

In his brief, appellant examines a number of cases wherein the issue was whether the evidence was sufficient to show that the defendant operated a vehicle. Appellant argues that in cases in which the evidence was sufficient to charge the defendant, the defendant either admitted to having driven the vehicle while drunk, *Cummins v. Lentz,* Ky.App., 813 S.W.2d 822 (1991); *Blades v. Commonwealth,* Ky., 957 S.W.2d 246 (1997), or was found drunk behind the wheel on a roadway, *Newman v. Stinson,* Ky., 489 S.W.2d 826 (1972). Neither is a factor in the case at bar, since appellant made no admission and was never seen behind the wheel.

 This Court did not state that the *Wells* and *Harris* factors were exclusive for determining probable cause when there is a question of whether the defendant was driving, but cited factors observed in prior cases involving this question. Probable cause is "a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates,* 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527, reh. den. 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983).

In the cases cited by appellant, the courts examined the totality of the circumstances. When we examine the facts known to the police officers in this case, we see that they knew appellant was intoxicated, that appellant had walked to Mr. Jones' house and placed a call for someone to come and get him, and that his wife had arrived with a wrecker. The fact that appellant called Mrs. White could certainly have been inferred by the officers from the other events which transpired that evening. Appellant told Jones that he was

calling home and that his wife would be upset to hear that he had lost his truck. The police arrived at the scene shortly after learning that a vehicle was in the roadway.

Trooper Long suspected Mrs. White was not honest in her responses to the question of who was driving. Appellant denied driving but also could not tell police who else may have been driving. Finally, upon further questioning by Trooper Long, Mrs. White stated she had not been driving, that it was appellant who had driven the truck. We agree that under all of the circumstances, the trial court correctly made a finding of probable cause to charge appellant with driving while intoxicated.

For the foregoing reasons we affirm appellant's conviction in the Breathitt Circuit Court.

DYCHE, Judge, concurs.

POTTER, Senior Judge, concurs in result.