COMMONWEALTH of Kentucky, Appellant

v.

Hon. Jerry CROSBY, Oldham District Court Judge and Kelly Martin, Appellees

NO. 2015–CA–000308–MR

Court of Appeals of Kentucky.

MARCH 24, 2017; 10:00 A.M.

BRIEF FOR APPELLANT: Andy Beshear, Attorney General, Daniel W. Fendley, Special Assistant Attorney General, Assistant Oldham County Attorney, LaGrange, Kentucky

BRIEF FOR APPELLEE: James L. Theiss, James Daniel ("J.D.") Theiss, La-Grange, Kentucky

BEFORE: D. LAMBERT, STUMBO AND THOMPSON, JUDGES.

## OPINION

THOMPSON, JUDGE:

The Commonwealth appeals from an opinion and order from the Oldham Circuit Court denying its petition for a writ of prohibition/mandamus seeking relief from an Oldham District Court's order suppressing all evidence seized following Kelly Martin's arrest for DUI, second offense, aggravated.

On April 6, 2014, police officer David Ingram investigated what appeared to be a driverless car with its engine running, legally parked on the side of the road. When he approached, he found Martin slumped forward behind the wheel of her vehicle smoking a cigarette and texting on her phone. From talking with Martin, Officer Ingram suspected she was under the influence of alcohol. Martin failed field sobriety tests and was arrested. Following her arrest, her breathalyzer test yielded a reading of .181

At Martin's arraignment on April 23, 2014, Martin moved that the district court decline to enter a pretrial suspension of her driver's license, alleging her arrest was made without probable cause that she was in physical control or operating her motor vehicle while under the influence of

alcohol prior to her arrest as required for her to have violated Kentucky Revised Statutes (KRS) 189A.010. The district court denied her motion and entered a pretrial suspension of Martin's license, but set the matter for a hearing as to whether there was probable cause for Martin's arrest.

At Martin's suppression hearing, on May 7, 2014, the district court heard testimony from Officer Ingram, Martin and Amira Stevens, who hosted the party Martin attended. Officer Ingram's and Martin's testimony were largely consistent regarding what was to be observed about Martin's use of her vehicle and their interaction. Officer Ingram observed Martin texting on her phone in a parked vehicle that had its lights on and engine running. Martin told Officer Ingram she was at a party and went to her vehicle to smoke.

Martin and Officer Ingram disagreed on whether what Martin said was consistent with an intent not to drive and how her actions should be interpreted. Martin testified she told Officer Ingram she was staying down the road and did not intend to drive. Martin testified her behavior was consistent with her intent to return to the party after she finished smoking and stay there overnight. Steven's testimony corroborated Martin's account that she was invited to and planned to spend the night at Steven's house.

Officer Ingram testified Martin said she lived down the road (which was inconsistent with her driver's license information) and did not say anything about not intending to drive. Officer Ingram inferred from Martin's lie about where she lived and the presence of her purse that Martin planned to drive home while intoxicated after she finished texting.

The district court made the following findings of fact:

On April 5, 2014, [Martin] attended a party at [a] friend's house in the Poplar Hill subdivision in Crestwood, Oldham County, Kentucky. In the early morning hours of April 6, 2014, she exited the party to retrieve cigarettes from her vehicle which was legally parked on the street near the home where the party was located. [Martin] entered her vehicle, started the engine, lit a cigarette, and began to send some text messages from her mobile phone. While on routine patrol, Officer Ingram came upon the defendant's parked vehicle with the engine running and headlights illuminated. He could not tell if anyone was inside the vehicle, so he flashed his high beams four (4) times to see if anyone was inside the vehicle. When he didn't see any movement inside the vehicle he pulled alongside the defendant and saw her slumped forward in the driver's seat. Officer Ingram then parked his cruiser, exited, and approached [Martin]. Upon approaching [Martin's] vehicle, Officer Ingram observed that the defendant was awake and slumped forward texting on her phone. She rolled down the window and Officer Ingram asked her what she was doing. [Martin] responded that she was at the party of a friend and came out to her vehicle to smoke. Immediately, Officer Ingram could tell [Martin] was intoxicated. [Martin] admitted that she had been drinking wine, but said she had no intention of driving. Officer Ingram asked her to exit her vehicle and requested that she perform several standard field sobriety exercises. Following her performance on the field sobriety exercises and other observations made at the scene, Officer Ingram arrested [Martin] for DUI. The Commonwealth produced no evidence of how long Officer Ingram believed [Martin's] vehicle had been parked at its location.

After analyzing the relevant law, the district court concluded the Commonwealth failed to meet its burden of proof that Martin was arrested based on probable cause that she committed DUI.

■ Pursuant to *Wells v. Commonwealth*, 709 S.W.2d 847, 849 (Ky. App. 1986), four factors should be considered in determining whether a defendant operated or physically controlled a motor vehicle while intoxicated as needed to violate KRS 189A.010:

> (1) whether or not the person in the vehicle was asleep or awake; (2) whether or not the motor was running; (3) the location of the vehicle and all of the circumstances bearing on how the vehicle arrived at that location; and (4) the intent of the person behind the wheel.

The district court found the Commonwealth only established that Martin was awake and the vehicle motor was running. The other two factors were not established. The district court concluded:

> [T]he evidence known to the officer at the time of his approach suggests that [Martin] was merely sitting in her running vehicle while smoking a cigarette and using her cell phone to send and receive texts. Without any evidence or suggestion that [Martin] drove this motor vehicle to its parked location intoxicated or intended to drive the vehicle from its parked location, this Court cannot find that probable cause existed for [Martin's] arrest.

On August 5, 2014, the district court entered an order determining that Officer Ingram lacked probable cause to believe Martin violated KRS 189A.010. Therefore, Martin's arrest was unwarranted and all evidence seized thereafter was suppressed. The district court denied Martin's motion to dismiss, ruling that it did not have the authority to do so under Kentucky Rules of Criminal Procedure (RCr) 9.64. It also terminated the pretrial suspension of Martin's driver's license.

The Commonwealth filed a petition for a writ of prohibition/mandamus claiming the district court acted outside its authority by suppressing the post-arrest evidence. The Commonwealth claimed relief was appropriate because it had no adequate remedy if forced to try Martin's case without this evidence and, if Martin was acquitted, it would be constitutionally prohibited from appealing the suppression order. It argued the district court erred in suppressing the post-arrest evidence because the pre-arrest evidence established Martin's intent to drive.

The circuit court upheld the suppression of the post-arrest evidence. While the circuit court agreed review was proper, it disagreed that the district court erred. The circuit court stated that it could find no error in the district court's factual findings and that the district court properly weighed the totality of the circumstances pursuant to the *Wells* factors and the evidence known to the officer at the time.

The Commonwealth appeals, arguing all of the *Wells* factors favored probable cause because Martin's conduct established she had physical control of the vehicle while intoxicated: Martin was awake; the vehicle's motor was running; the vehicle was located on the side of the road with all four wheels on the road, ready to be driven; and Martin's location in the driver's seat with the vehicle motor on, the lights on and her purse on the passenger seat (rather than smoking outside with other party guests) was sufficient circumstantial evidence to infer her intent to drive. The Commonwealth argues that because the district court erred in its interpretation of the law, the circuit court erred in failing to grant it a writ of prohibition/mandamus.

■ We agree that the Commonwealth was entitled to seek review of the order of suppression pursuant to a writ of prohibition/mandamus and to appeal from an adverse ruling. *Commonwealth v. Bell*, 365 S.W.3d 216, 222–23 (Ky. App. 2012); *Commonwealth v. Williams*, 995 S.W.2d 400, 403–04 (Ky. App. 1999). We disagree that the district court erred in granting the motion to suppress and affirm.

■ "Probable cause must exist and must be known by the arresting officer at the time of the arrest. Probable cause exists when the totality of the evidence then known to the arresting officer creates a 'fair probability' that the arrested person committed the felony." *White v. Commonwealth*, 132 S.W.3d 877, 883 (Ky. App. 2003) (internal citation omitted).

An appellate court's standard of review of the trial court's decision on a motion to suppress requires that we first determine whether the trial court's findings of fact are supported by substantial evidence. If they are, then they are conclusive. Based on those findings of fact, we must then conduct a *de novo* review of the trial court's application of the law to those facts to determine whether its decision is correct as a matter of law. *Commonwealth v. Neal*, 84 S.W.3d 920, 923 (Ky. App. 2002) (footnotes omitted).

Because it is undisputed that the first two *Wells* factors supported Martin being in physical control of her vehicle, we solely examine whether the third and fourth factors, "the location of the vehicle and all of the circumstances bearing on how the vehicle arrived at that location" and "the intent of the person behind the wheel" support the Commonwealth's position. We initially note that most of the cases interpreting whether there was probable cause or sufficient evidence for a conviction under KRS 189A.010 focus on whether it can be determined that a vehicle was driven while the driver was intoxicated, where that vehicle is found stopped either with the presumed driver asleep at the wheel or outside of an improperly parked vehicle. *See Blades v. Commonwealth*, 957 S.W.2d 246, 248 (Ky. 1997); *White*, 132 S.W.3d at 880; *Wells*, 709 S.W.2d at 848–50 (for the cases discussed within it, rather than Wells's situation). In the current case, the focus is not on whether Martin was intoxicated when she drove her vehicle to its parked location. Instead, the focus is on whether Martin in returning to her vehicle after becoming intoxicated, had a current intent to drive.

The third *Wells* factor typically supports a ruling that the defendant operated or was in control of the vehicle when there is some irregularity in where the vehicle is located, such as the vehicle not being legally parked, obstructing traffic or having come to rest in its present location following an accident. Successfully parking the vehicle prior to becoming intoxicated allows the inference that control was surrendered prior to intoxication.

In *Wells*, 709 S.W.2d at 850, the Court determined the location of Wells's van in a parking lot in a marked parking space did not demonstrate his control of the vehicle while intoxicated. Likewise in *Harris v. Commonwealth*, 709 S.W.2d 846, 846–47 (Ky. App. 1986), the Court determined that Harris's vehicle being parked parallel to a curb in a parking lot did not demonstrate his control of the vehicle while intoxicated. *Compare with White*, 132 S.W.3d at 880, 883–84 (determining sufficient evidence for a finding of probable cause that White was driving while intoxicated: vehicle was located on a highway against the guardrail with rear end partially in the roadway, it was unoccupied, White appeared intoxicated, he walked to a nearby house to call for help and his wife arrived at the vehicle's location with a wrecker); *Blades*, 957

S.W.2d at 248, 250 (determining no error in denying motion for directed verdict for operating a vehicle while intoxicated where unoccupied running vehicle was left in the center of the highway with its hazard lights flashing, officers found Blades a mile away walking down the highway, Blades was intoxicated and he admitted to driving); *Wells*, 709 S.W.2d at 848–850 (summarizing other cases upholding convictions of operating a vehicle while intoxicated based on the following information regarding the vehicle's location and the circumstances surrounding how it came to be there: an occupied vehicle with a nearly passed out driver which was stopped at an intersection through several light changes; an unoccupied vehicle left parked in the middle of a highway with its motor running and door open; a vehicle found with two wheels on the highway and two off the pavement; and a vehicle found in a parking lot but not in a parking space which was obstructing traffic).

Martin's vehicle was found by Officer Ingram legally parked on the side of the road. There was nothing to suggest that it was parked after having been driven by an intoxicated driver. The Commonwealth failed to present any evidence as to when or how Martin's vehicle arrived at this location and Officer Ingram's testimony did not indicate that its location itself was of concern to him. This is equivalent to Martin's vehicle being legally parked in a parking lot as in *Wells* and *Harris*. Therefore, the location of Martin's vehicle is not a factor favoring physical control.

When there is no evidence to determine whether a driver became intoxicated before or after parking the vehicle and was discovered before any new driving could commence, as in *Wells*, 709 S.W.2d at 850, or it was uncontested that the intoxication occurred after the vehicle was properly parked and before any new driving could commence, as in *Harris*, 709 S.W.2d at 847, the fourth *Wells* factor, intention, becomes key in determining whether there is probable cause to believe a person behind the wheel violated KRS 189A.010. In *Wells*, 709 S.W.2d at 850, the Court stated that any inference that Wells planned to operate the vehicle from his position in the driver's seat was "negated by the facts that the transmission was in neutral, and the parking brake was engaged ... [and Wells] was asleep ...." Merely starting the vehicle's engine was not an exercise of actual physical control. The same was true in *Harris*, 709 S.W.2d at 847, where the key was turned to "on" and Harris was asleep in the driver's seat.

The Commonwealth's argument on this factor is essentially an attempt to dispute how the district court resolved the factual issues and what inferences it believed from the testimony. While in *Wells* and *Harris*, the drivers were asleep in successfully parked vehicles so it appeared they could not have any intention to drive under those circumstances, merely being awake in the driver's seat of a vehicle with the engine on does not require a finding of an intent to drive or it would not constitute a separate factor from the determination of whether the person in the vehicle was awake or asleep. Instead, the person's intent must be found from all the available information at the scene.

The district court found Martin had no intent to drive, as shown by her actions of smoking, texting and stating that she was at a party and did not intend to leave. Martin was merely using the vehicle for its seat from which she could comfortably smoke and text, rather than as a mode of imminent transportation. Because the district court's factual findings were supported by substantial evidence, we defer to its findings and agree with its conclusion that Martin did not intend to drive.

Under the relevant precedents and considering all the facts established by the district court, we determine that the establishment of the first two *Wells* factors alone are insufficient to support a belief that there was a fair probability that Martin operated or was in control of her motor vehicle while intoxicated. Therefore, Martin's arrest was not justified by probable cause and the district court acted appropriately in suppressing Martin's post-arrest breathalyzer test results.

Accordingly, we affirm the Oldham Circuit Court's opinion and order denying the Commonwealth's petition for a writ of prohibition/mandamus.

ALL CONCUR.