W. O. NEWMAN, Acting Commissioner, Department of Public Safety, Appellant,

v.

James Edgar HACKER, Appellee.

Court of Appeals of Kentucky.

Nov. 26, 1975.

Mary Jo Arterberry, Midway, for appellant.

Robert L. Milby, Hamm, Taylor, Milby & Farmer, B. Robert Stivers, London, for appellee.

VANCE, Commissioner.

The appellee, James Edgar Hacker, was arrested by a state police officer and charged with the offense of driving a motor vehicle while under the influence of intoxicating liquor. KRS 189.520. He was requested by the officer to submit to a breathalyzer test but declined to do so except in the presence of counsel. He was advised that his refusal to take the test would result in the revocation of his motor vehicle operator's license pursuant to the provisions of KRS 186.565.

Appellee's operator's license was revoked and he petitioned the circuit court for relief. The trial judge held that submission to a breathalyzer test is tantamount to giving evidence against one's self and therefore the appellee was entitled to have assistance of counsel when the test was administered. The judgment of the circuit court invalidated the order of suspension on the theory that appellee's refusal to submit to the test was justified.

W. O. Newman, Acting Commissioner of the Department of Public Safety, appeals.

We held in *Newman v. Stinson*, Ky., 489 S.W.2d 826 (1972), that Fifth Amendment rights are not involved by the taking of breath samples for analysis for the reason that the administration of such tests are searches of the person for evidence rather than a compulsion of testimony. See also *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

In *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), it was held that such procedures as fingerprinting and the taking of blood and breath samples for analysis were not critical stages of a prosecution and the denial of the right to have counsel present at such procedures did not constitute a violation of the Sixth Amendment of the Constitution of the United States.

We conclude that the appellee had no right to have counsel present at the time the breathalyzer test was administered.

Appellee contends that he requested the officers to take him to a hospital for a blood test which they declined to do. KRS 189.520(8) provides that a person tested shall be permitted to have a duly licensed physician, of his own choosing, administer a test, in addition to the test administered at the direction of the police officer. This section of the statute contemplates a test in addition to a test administered by the police officers and when the test requested by the police officers is refused the section is not applicable.

The judgment is reversed with directions that a new judgment be entered upholding the revocation of the appellee's operator's license.

All concur except JONES, J., not sitting.