Robert S. ELKIN, Appellant,

v.

COMMONWEALTH of Kentucky, DEPARTMENT OF TRANSPORTATION, BUREAU OF VEHICLE REGULATION, and Frank Metts, Secretary, Commonwealth of Kentucky, Department of Transportation, Appellees.

Court of Appeals of Kentucky.

Sept. 17, 1982.

David B. Sloan, Ruberg, Osborne & Taylor, Covington, for appellant.

Owen W. Serey, Covington, for appellees.

Before HOWARD, McDONALD and REYNOLDS, JJ.

HOWARD, Judge.

Robert Elkin appeals an order entered by the Kenton Circuit Court, said order affirming an order of the Commissioner of the Bureau of Vehicle Regulations suspending appellant's driver's license for six months.

The appellant was stopped by Officer Edward J. Burk of the Kenton County Police Department on September 18, 1980, between 2:30–3:00 a.m. after the officer noticed appellant weaving while driving his automobile on Dixie Highway in Kenton County. Officer Burk testified that appellant smelled of alcohol, was unsteady while standing, staggered as he walked, his eyes were glazed and bloodshot and his speech was slurred. Officer Burk administered three sobriety tests to appellant—the standard tests of touching one's nose, standing on one foot, and walking a straight line. Appellant failed all three tests.

Officer Burk then arrested appellant for operating a motor vehicle while under the influence of intoxicating beverages and asked him to take a breathalyzer test to determine the alcohol content of his blood. Officer Burk testified that appellant agreed to take the test and was taken to the Fort Mitchell police station so that the test could be administered. At the station, appellant asked to talk to his attorney prior to taking the test. Officer Burk refused this request and said that the appellant could call his attorney only after he was booked. Appellant then refused to take the test.

Officer Burk warned appellant that his refusal to submit to the breathalyzer test could result in suspension of his operator's license for six months. Officer Burk asked appellant at least three times to take the test and warned him twice of the effect of his refusal. Appellant continued to refuse to take the test and asked to call his lawyer. Appellant was then taken to the Kenton County jail.

Subsequently, a hearing was held on May 11, 1981, before the Department of Transportation, Bureau of Vehicle Regulations, in Frankfort. The hearing officer concluded that Officer Burk had reasonable grounds to believe that the appellant was driving while under the influence of intoxicating beverages and that the arrest was proper. Since appellant refused to submit to a breathalyzer test in accordance with KRS 186.565, the hearing officer recommended that appellant's license should be revoked for six months. On May 20, 1981, the Commissioner of the Bureau of Vehicle Regulation entered an order suspending appellant's license for six months.

Appellant appealed to the Kenton Circuit Court on June 9, 1981, arguing that the hearing officer's recommendations and the order of the Commissioner were arbitrary and capricious and not supported by the evidence. On February 3, 1982, the Kenton Circuit Court affirmed the order of the Commissioner and appellant appealed on February 16, 1982.

Appellant advances two arguments on appeal. The first is that he had a right to consult counsel prior to deciding whether to submit to the requested breathalyzer test. For support, appellant cites decisions from six states and a decision from the United States Supreme Court which he argues either directly or impliedly recognize an individual's right to counsel in determining whether to submit to such a test.

Appellee, on the other hand, cites decisions from nine jurisdictions which have held that no right to counsel in these circumstances exists. Appellee also argues that a Kentucky case, *Newman v. Hacker*, Ky., 530 S.W.2d 376 (1975), has held that a motorist has no right to have counsel present at the time a breathalyzer test is administered.

We find *Newman v. Hacker, supra,* to be applicable and dispositive of this case. In *Newman,* the Kentucky Court of Appeals concluded that a motorist arrested and charged with the offense of driving a vehicle while under the influence of intoxicating liquor has no right to have counsel present when the breathalyzer test is given. For support, the Court cited the same United States Supreme Court decision that the appellant cited in his brief, *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18

L.Ed.2d 1149 (1967), and another Kentucky decision, *Newman v. Stinson,* Ky., 489 S.W.2d 826 (1972). In *United States v. Wade,* the United States Supreme Court held that procedures such as fingerprinting and taking blood and breath samples for analysis are not critical stages of a prosecution and so there was no violation of the Sixth Amendment by the denial of the right to counsel. In *Newman v. Stinson,* the Kentucky Court of Appeals held that there was no Fifth Amendment violation when breath samples are taken for analysis because these tests are searches for evidence rather than a compulsion of testimony.

Appellant appears to argue that there is a distinction between the right to consult an attorney and the right to have an attorney present during the breathalyzer test. However, there is no real distinction between the two. Appellee also argues that the error, if any, in introducing into evidence the fact of appellant's refusal to submit to a breathalyzer test was not preserved for appellate review because appellant made no objection to the introduction of such testimony at the hearing.

■ Appellant's second argument in this appeal is that the order revoking his license is against the weight of the evidence. This argument is without merit. The Commissioner of the Bureau of Vehicle Regulation may, in considering all the evidence, weigh and choose the evidence that he believes. *See Commonwealth, Department of Public Safety v. Cheek,* Ky., 451 S.W.2d 394 (1970). The record clearly indicates that Officer Burk had reasonable grounds to believe that appellant was in physical control of his automobile while under the influence of intoxicating beverages. Therefore, his arrest was proper. *See Newman v. Smith,* Ky., 481 S.W.2d 679 (1972). Also, there is sufficient evidence in the record that appellant refused to take the breathalyzer test after repeated requests and warnings that his refusal could result in revocation of his license. The warnings sufficiently apprised appellant of the effect of his refusal in accordance with KRS 186.565(3). *See Commonwealth, Department of Public Safety v. Tuemler,* Ky., 526 S.W.2d 305 (1975). Therefore, the Kenton Circuit Court did not err in affirming the order of the Bureau of Vehicle Regulation.

The judgment of the trial court is affirmed.

All concur.