COMMONWEALTH of Kentucky TRANSPORTATION CABINET DE-PARTMENT OF VEHICLE REGULA-TION, Appellant,

v.

Duane F. CORNELL, Appellee.

No. 89–CA–2263–MR.

Court of Appeals of Kentucky.

Sept. 21, 1990.

Patricia K. Foley, Frankfort, for appellant.

John W. Wooldridge, Shepherdsville, for appellee.

Before HOWERTON, C.J., and HOWARD and MILLER, JJ.

HOWARD, Judge.

The appellant appeals from the Bullitt Circuit Court's decision overturning appellant's decision to suspend the appellee's driver's license pursuant to KRS 186.565 for refusing to submit to a breathalyzer test.

On December 18, 1988, St. Matthews' police officer Thomas Gilsdorf observed the appellee driving erratically and pulled him over for suspicion of driving while under the influence of intoxicants. He placed appellee under arrest and charged him with driving under the influence. After arresting appellee, Gilsdorf transported appellee to the Jefferson County Corrections Department where he was turned over to the custody of the corrections department. Gilsdorf apparently did not warn appellee of his rights and conducted no chemical tests upon appellee.

Officer Harvey Hunt at the Corrections Cabinet testified that he met with the appellee after he arrived at the facility. According to Hunt, the appellee arrived at the department at 4:10 a.m., and he first saw appellee at 4:15 a.m. He stated that he told the appellee of his *Miranda* rights. At some point thereafter, Hunt asked the appellee to submit to a chemical breathalyzer test which, according to Hunt, the appellee refused to do. Hunt testified that he then waited twenty minutes while observing the appellee, and once again asked the appellee to take the test. After the appellee refused again, Hunt stated that he explained the KRS 186.565 implied consent law and its ramifications to the appellee. The appellee apparently told Hunt that he understood the law. Hunt once again asked the appellee to take the test and he refused. Hunt then took the appellee to another part of the facility.

The appellee testified that after being informed of his *Miranda* rights, he immediately invoked his right to speak with counsel. He stated that he was not allowed to speak with an attorney until later, and after speaking with a friend, Judge Nicholson, he immediately agreed to take the test, but was refused. Judge Nicholson testified that he received this call and later received another call from the appellee informing him that Officer Hunt would not administer the test. Nicholson went to the corrections department, but could not convince Hunt to administer the test.

Subsequent to these events, the appellant received affidavits from Officer Gilsdorf and Officer Hunt outlining the events of December 18 and stating the appellee's refusal to submit to the test. A hearing was held on the matter of suspending the appellee's driver's license on June 8, 1989. The appellee and the officers were each allowed to present their respective sides of the case. The hearing officer issued a report to the acting commissioner of the Transportation Cabinet and, on June 18, 1989, the commissioner entered a final order suspending appellee's driver's license for six months pursuant to KRS 186.565.

The appellee filed suit in the Bullitt Circuit Court seeking relief from this final order. On October 12, 1989, the Bullitt Circuit Court entered an order in favor of the appellee and overturned the Transportation Cabinet's order. It ruled that the appellee's constitutional right to consult his attorney prior to refusing or accepting the test was violated, and that the order also had to be reversed due to the appellant's failure to file the transcript of the earlier hearing and the Cabinet's final order with the circuit court. The Bullitt Circuit Court also ruled that the appellant's final order was arbitrary and capricious. This appeal has followed.

Appellant's appeal contains three primary arguments. Appellant first contends that the circuit court erred when it ruled that the appellee was entitled to the benefit of counsel prior to submitting to the breathalyzer test required under KRS 186.-565. After reviewing the relevant case law, we agree with the appellant's argument.

■ It has long been held in the Commonwealth of Kentucky that operating a motor vehicle on a public road is not a natural or unrestricted right but is a privilege granted by the state and is subject to reasonable regulation under the state's police power. A driver in using public roadways is subject to the applicable statutory limitations and conditions regulating traffic. *Commonwealth v. Mitchell*, Ky., 355 S.W.2d 686, 688 (1962).

It further has generally been held that requiring an accused to submit to a blood or breathalyzer test does not violate the accused's privilege against self-incrimination or invoke his right to counsel before interrogation. The United States Supreme Court has held that such tests do not involve testimonial compulsion or enforced communication. The accused's participation, except as a donor, is irrelevant to the results of the tests. *Schmerber v. State of California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Compelling a suspect to submit to a withdrawal of blood for analysis for alcohol content and admitting the results of this analysis into evidence does not fall within the compulsion of the accused to give evidence having testimonial significance. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

Kentucky's highest court has followed the above holdings of the United States Supreme Court. The former Court of Appeals concurred in the reasoning of the United States Supreme Court in ruling that a suspect's Fifth Amendment rights are not involved in the taking of breath samples for chemical analysis. *Newman v. Stinson*, Ky., 489 S.W.2d 826, 829 (1972). An accused has no right to have counsel present at the time a breathalyzer test is administered. *Newman v. Hacker*, Ky., 530 S.W.2d 376 (1975).

■ This Court addressed the issue raised by the appellant in the instant case in *Elkin v. Commonwealth of Kentucky, Department of Transportation, Bureau of Vehicle Regulation*, Ky.App., 646

S.W.2d 45 (1982). This Court clearly followed the *Hacker* and *Stinson* opinions. This Court ruled that there is no distinction between the right to consult an attorney before submitting to a test and the right to have an attorney present during the test. *Elkin, supra,* at 47. Thus, we find these cases dispositive here. We have reviewed the cases from other jurisdictions cited by appellee, but we find the Kentucky cases are controlling. The appellee had no right to consult with his attorney or to have his attorney present during the taking of the test so the *Miranda* rights were not applicable in this case. The evidence indicates that the appellee was apprised of the implied consent law.

Appellant in this case also argues that the Bullitt Circuit Court erred when it found that the final order of the Transportation Cabinet was arbitrary and capricious. We agree that the circuit court erred in this regard.

■ Judicial review of an administrative agency's action is concerned with the question of arbitrariness. *American Beauty Homes Corporation v. Louisville and Jefferson County Planning and Zoning Commission,* Ky.App., 379 S.W.2d 450, 456 (1964). The Constitution prohibits the exercise of arbitrary power by an administrative agency. In determining whether an agency's action was arbitrary, the reviewing court should look at three primary factors. The court should first determine whether the agency acted within the constraints of its statutory powers or whether it exceeded them. *American Beauty Homes Corporation, supra.* Second, the court should examine the agency's procedures to see if a party to be affected by an administrative order was afforded his procedural due process. The individual must have been given an opportunity to be heard. Finally, the reviewing court must determine whether the agency's action is supported by substantial evidence. *American Beauty Homes Corporation, supra.* If any of these three tests are failed, the reviewing court may find that the agency's action was arbitrary.

■ On factual issues however, a circuit court in reviewing the agency's decision is confined to the record of proceedings held before the administrative body and is bound by the administrative decision if it is supported by substantial evidence. *Board of Education of Ashland School District v. Chattin,* Ky., 376 S.W.2d 693, 697 (1964) (overruled on other grounds in *Osborne v. Bullitt County Board of Education,* Ky., 415 S.W.2d 607 (1967)); *Taylor v. Coblin,* Ky., 461 S.W.2d 78 (1970). It must be noted that the trier of facts in an administrative agency may consider all of the evidence and choose the evidence that he believes. *See Commonwealth of Kentucky, Department of Public Safety v. Cheek,* Ky., 451 S.W.2d 394 (1970). KRS 186.565(5), in establishing the procedure for an appeal of the Transportation Cabinet's revocation of a driver's license to a circuit court, states that the court's review is limited to whether the secretary's ruling is supported by substantial evidence and whether the action is arbitrary or capricious.

KRS 186.565(4) states that after receiving an affidavit from a law enforcement officer that an individual continued to refuse to submit to a breathalyzer test after being sufficiently warned, the Transportation Cabinet shall send notice to the individual and cause a hearing to be held to allow the individual to show cause why his or her license should not be suspended. The statute continues to state that the scope of the hearing shall cover the issues of whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle in this state while under the influence of intoxicants which may impair one's driving ability, whether the person was placed under arrest, and whether he refused to submit to the test upon request by the officer. The statute sets out other requirements that must be met concerning the hearing and other mandatory procedures that must be followed both before and after the hearing.

■ The record in this case clearly shows that the Transportation Cabinet and

the law enforcement officers followed the procedures and requirements of KRS 186.565. The necessary affidavits and notices were filed, and the hearing was confined to the issues listed above. Thus, the appellant has passed the first prong of the *American Beauty Homes* test since the appellant properly followed the statute.

■ Secondly, the appellee's procedural due process rights were not violated in any way. He was given timely notice of the hearing and was given an opportunity to present his case at the hearing. There could be no finding that his due process rights were violated.

■ Finally, there was substantial evidence to support the appellant's decision to suspend the appellee's driver's license. Officer Gilsdorf testified that the appellee clearly appeared intoxicated when he stopped him in the early morning hours after observing appellee's car weaving in the roadway. Officer Hunt of the Corrections Cabinet testified that he warned the appellee of the implied consent law and that the appellee refused at least three times to take the breathalyzer test. The proper sworn reports were filed by the officers in this case. The secretary's ruling was clearly supported by substantial evidence. As earlier stated, the fact finder in such cases where different versions of the same episode are presented, is clearly allowed to accept the facts that he finds most credible. The Bullitt Circuit Court in this case clearly erred in finding that the secretary's ruling was not supported by competent evidence and that the suspension of appellee's driving privilege was arbitrary and capricious.

■ The Bullitt Circuit Court finally found that the Transportation Cabinet's decision should be reversed because the Cabinet failed to properly follow the procedures in filing its answer to appellee's appeal in the Bullitt Circuit Court as required by KRS 186.565. The appellant contends that the Bullitt Circuit Court erred in reversing the license suspension on this ground. We agree that the Cabinet did not completely follow the statute, however we do not believe complete reversal of the Transporta-

tion Cabinet's decision to suspend the appellee's license was the proper action in this case.

KRS 186.565(5) states that as part of the appeals process, "the transportation cabinet shall file with its answer a copy of the secretary's ruling and a transcript of evidence." The cabinet in this case did file the transcript of evidence approximately twelve days after it filed its answer with the court. It apparently has never filed a copy of the secretary's ruling with the court.

While we certainly do not condone such an omission, we do not feel absolute reversal was the proper action for the Bullitt Circuit Court to take. The filing requirement is not of a jurisdictional nature, however we will not adopt the appellant's argument and state that it was totally directory and need not be complied with. We have reviewed the cases on this issue cited by both the appellant and the appellee and do not feel that any of these cases are directly dispositive. The reasoning of the former Court of Appeals in *Skaggs v. Fyffe*, 266 Ky. 337, 98 S.W.2d 884 (1936), has merit here. The Court in *Skaggs* ruled that in order to determine the nature of a requirement, one must determine whether a requirement reaches the substance of a thing to be done, and whether by failing to follow a requirement the rights of interested parties will be prejudiced. *See also Fannin v. Davis*, Ky., 385 S.W.2d 321 (1964). If failure to meet a requirement does not reach the substance or prejudice the parties and if the requirement is more of a procedural matter, then reversal may not be appropriate.

In the instant case, neither party was truly prejudiced by the appellant's failure to file the secretary's ruling. Both sides had access to the report. Additionally, the Bullitt Circuit Court reversed the decision on other grounds anyway. As a result, we do not believe reversal was the proper ground on this issue; however the circuit court may find it necessary in the future to impose sanctions against the appellant for failing to comply with the procedural requirements of the statute. The appellant

in the future should meet its procedural duties under the statute. On remand, the appellant shall file the secretary's ruling.

We reverse and remand this case to the Bullitt Circuit Court for proceedings consistent with this opinion.

HOWERTON, C.J., concurs.

MILLER, J., dissents.

MILLER, Judge, dissenting.

For argument's sake, I conclude that the operation of a vehicle is a privilege, not a right, and the administrative revocation of that privilege entails neither *Miranda*[1] warnings nor right to counsel. However, where the administrative revocation is predicated upon a criminal charge entitling the holder to *Miranda* warnings and counsel, the problem is more acute. An arrestee, though not required to submit to testing, may (if he fails to submit) suffer an administrative loss of license. Kentucky Revised Statutes (KRS) 186.565. Upon receiving *Miranda* warnings, the arrestee is confronted with the dilemma of submitting to testing and perhaps jeopardizing his criminal defense, or rejecting and suffering probable administrative harm. Under these circumstances, I think it imperative that arrestees have the advice of counsel if they express a desire. Denial of counsel and resulting administrative loss of license reflect arbitrary governmental power condemned under our Bill of Rights. Ky. Const. § 2.

I would affirm the circuit court.

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).