**KENTUCKY BOARD OF NURSING, Appellant**

v.

**Elaine WARD, Appellee.**

**No. 93–CA–1893–MR.**

Court of Appeals of Kentucky.

Aug. 26, 1994.

Discretionary Review Denied By Supreme Court Feb. 8, 1995.

Nathan Goldman, Louisville, for appellant.

Irving I. Friedman, Friedman, Prizant & Yoffe, Louisville, for appellee.

Before HOWERTON, HUDDLESTON and MILLER, JJ.

*OPINION AFFIRMING*

HOWERTON, Judge.

The Kentucky Board of Nursing appeals from an order of the Jefferson Circuit Court which reversed the Board's order suspending Elaine Ward's license for one year and assessing costs and a $1,000 penalty. Because we find a lack of substantial evidence to support the action taken by the Board, we affirm the ruling of the circuit court.

Elaine Ward was employed at the Lyndon Lane Nursing Home on January 22, 1992, as a licensed practical nurse (LPN). Her duties consisted in part of caring for Mr. Clifford Quick, one of the patients. On that date, Ward observed Quick attempting to get out of his wheelchair. As she went to assist him, she was overheard by her co-workers to tell Quick, "If you don't sit down and be quiet, I will take you to your room and tie you in the bed and you won't be able to get up." Ward was also overheard saying to herself, outside the hearing of Mr. Quick, that he was "a silly old son of a bitch." Ward's remarks were reported by her co-workers to those in authority at the nursing home who, in turn, reported this "verbal abuse" to Adult Protective Services. An investigation ensued which resulted in the verbal abuse charge being "substantiated" and culminated in Ward's termination of employment two days later on January 24, 1992.

A hearing was subsequently held before the Board of Nursing on November 18, 1992. Following extensive findings of fact, the Board concluded that Ward's conduct constituted a violation of KRS 314.091(1)(c), (d) and (h). Ward petitioned the Jefferson Circuit Court for a review of the Board's ruling, and on August 4, 1993, the circuit court reversed the Board's decision, finding that there was not substantial evidence sufficient to justify the Board's decision. This appeal follows at the instance of the Board of Nursing.

The Board raises two issues on appeal: (1) that the Board's decision was supported by substantial evidence, and (2) that the circuit court exceeded its permissible scope of review. We find no error and affirm.

▮ "The position of the circuit court in administrative matters is one of review, not of reinterpretation." *Commonwealth, Department of Education v. Commonwealth, Kentucky Unemployment Insurance Commission*, Ky.App., 798 S.W.2d 464, 467 (1990). The appellate (circuit) court is not free to consider new or additional evidence, or substitute its judgment as to the credibility of the witnesses and/or the weight of the evidence concerning questions of fact. *Mill Street Church of Christ v. Hogan*, Ky.App., 785 S.W.2d 263 (1990). Thus, if administrative findings of fact are based upon substantial evidence, then those findings are binding upon the appellate court. *Commonwealth, Dept. of Education, supra.* The only question remaining for the appellate court to address is "whether or not the agency applied the correct rule of law to the facts so found." *Starks v. Kentucky Health Facilities*, Ky.App., 684 S.W.2d 5, 6 (1984). If the ruling of the administrative agency is based on an incorrect view of the law, the reviewing court may substitute its judgment for that of the agency. *Mill Street Church of Christ, supra*, at 266.

▮ "Judicial review of an administrative agency's action is concerned with the question of arbitrariness." *Commonwealth, Transportation Cabinet v. Cornell*, Ky.App., 796 S.W.2d 591, 594 (1990) (quoting *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Commission*, Ky., 379 S.W.2d 450, 456 (1964)). In *Crouch v. Police Merit Board*, Ky., 773 S.W.2d 461, 464 (1988), the meaning of "arbitrariness" was clarified as follows: "By 'arbitrary' we mean clearly erroneous, and by 'clearly erroneous' we mean unsupported by substantial evidence." *See also City of Louisville by Kuster v. Milligan*, Ky., 798 S.W.2d 454, 458 (1990). Whether an agency's ruling is arbitrary can be determined by looking at three factors:

The court should first determine whether the agency acted within the constraints of its statutory powers or whether it exceeded them. [Cite omitted.] Second, the court should examine the agency's procedures to see if a party to be affected by an administrative order was afforded his pro-

cedural due process.... Finally, the reviewing court must determine whether the agency's action is supported by substantial evidence. [Cite omitted.] If any of these three tests are failed, the reviewing court may find that the agency's action was arbitrary.

*Commonwealth, Transportation Cabinet v. Cornell, supra,* (citing *American Beauty Homes Corp., supra* ).

■ With the background on the scope of judicial review before us, we turn to an examination of the circuit court's action and ruling. The Kentucky Board of Nursing charges the circuit court with making additional findings of fact and engaging in supposition to reach its decision. After a careful and studied review of the Board's findings of fact and the circuit court's opinion, we must disagree with the Board's position. While the circuit court may not have tracked the exact language used by the Board in reciting facts in its opinion, the failure to do so does not result in impermissible fact-finding outside the scope of review. Indeed, a close reading of the circuit court's opinion reveals that the court agreed with the Board's findings of fact and that Elaine Ward's conduct was inappropriate. Accepting the Board's findings of fact, the question to be addressed by the circuit court was whether the evidence was substantial enough to support the Board's conclusions of law and disciplinary order. The circuit court found that the conduct complained of did not rise to the level of conduct the applicable statutes were designed to preclude. If the Board's decision is unsupported by substantial evidence or law, then it is clearly erroneous or arbitrary. That determination is properly within the appellate province of the circuit court. In our opinion, the circuit court did not exceed the bounds of its authority to review this matter.

The Board's second issue is that, contrary to the circuit court's ruling, the Board's decision *is* supported by substantial evidence. Substantial evidence has been defined as "being evidence of substance and relevant consequence, *having the fitness to induce conviction in the minds of reasonable men.*" *Kentucky State Racing Commission v. Fuller,*

Ky., 481 S.W.2d 298, 308 (1972) (quoting *O'Nan v. Ecklar Moore Express, Inc.,* Ky., 339 S.W.2d 466 (1960)). (Emphasis added.) The *Fuller* court further stated that "[t]he test of substantiality of evidence is whether when taken alone or in the light of all the evidence it has sufficient probative value to induce conviction in the minds of reasonable men." *Id.,* (citing *Blankenship v. Lloyd Blankenship Coal Company, Inc.,* Ky., 463 S.W.2d 62 (1970)). *See also Starks v. Kentucky Health Facilities,* Ky.App., 684 S.W.2d 5 (1984). "In determining whether the evidence is substantial, the court must 'take into account whatever in the record fairly detracts from its weight.'" *Willbanks v. Secretary of Health & Human Services,* 847 F.2d 301 (6th Cir.1988) (quoting *Universal Camera Corporation v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464–465, 95 L.Ed. 456 (1951)).

■ The Board's findings of fact, supported by the record below, indicate that Ward had received commendations in the past for her patient care; that Ward's supervisor had not had any prior complaints about Ward's work; that Quick was a difficult patient; that Quick had fallen on occasions prior to the January 22, 1993, incident; that Ward spoke the "abusive" words because she was concerned for his safety; and, interestingly, that Quick was under his treating doctor's restraint order. There is no question but that Ward uttered the warning/threat to Mr. Quick—that is an undisputed fact in this case. What must be questioned is whether, given *all* the facts as found by the Board, reasonable men would have been induced to convict Ward of verbal abuse based on her comment to Quick, a consideration of all the facts, and application of the pertinent statutes. We believe reasonable men would not have convicted Ward on the facts gleaned in this case. As Judge Schroering succinctly stated in his opinion, to-wit:

> The statutes under which Ms. Ward is prosecuted require acts which are inconsistent with the practice of nursing or unfitness or incompetence to practice nursing. The act of shouting at a patient to accomplish an end consistent with the best interests of the patient simply does not rise to the level required by the statute.... This

conduct, by itself, is not sufficient to establish that she is unfit to provide nursing.

Many times, the aging process reduces otherwise active, alert, and oriented patients to varying degrees or states of confusion or dementia. It is no secret that many people experience a reversion to childlike behavior in their later years. This is a condition commonly witnessed in a nursing home setting where the vast majority of patients are infirm due to advanced age. It is also no secret, as undesirable as it may be, that oftentimes a stern tone of voice becomes necessary to get a patient's attention or to impress upon him the need to follow instructions or exercise caution, much the way as is often necessary in dealing with young children. One isolated incident of use of a stern tone of voice communicating to the patient what action will be taken if the patient does not follow instructions does not rise to the level of conduct `prohibited by KRS 314.091(c), (d) and (h).

The opinion and order of the Jefferson Circuit Court is affirmed.

All concur.