**Denzil CAUDILL, Appellant**

v.

**COMMONWEALTH of Kentucky, Kentucky Retirement Systems; and Board of Trustees of Kentucky Retirement Systems, Appellees.**

**No. 2006–CA–000461–MR.**

Court of Appeals of Kentucky.

Nov. 9, 2007.

Randy G. Slone, Frankfort, KY, for appellant.

Katherine Rupinen, Frankfort, KY, for appellee.

Before ACREE, DIXON and KELLER, Judges.

## OPINION

ACREE, Judge.

Denzil Caudill appeals from an order of the Franklin Circuit Court affirming the decision of the Disability Appeals Committee of the Kentucky Employee Retirement Systems (KERS) which denied his request for disability benefits. Caudill argues that KERS incorrectly construed statutory law to exclude cumulative trauma from the definition of injury. The circuit court affirmed the Disability Appeals Committee's decision because Caudill failed to prove that his injury did not predate his membership in the retirement systems. We affirm the circuit court.

Caudill worked for the Knott County Road Department (KCRD) as a heavy equipment operator from 1986 through 2001. His membership date in KERS was 1993. Caudill's job duties mainly included operating a grader, on which he occasionally changed tires weighing two hundred pounds, and general labor as part of a bridge crew. His job was characterized as medium work by Kentucky Revised Statute (KRS) 61.600(5)(c)(3). Prior to his work for KCRD, Caudill had worked as an underground coal miner for National Mines Company. It was in this capacity that he sustained a back injury while attempting to lift a four to five hundred pound cylinder pump. However, he recovered enough to return to work until the mine shut down several years later.

Over the course of time, Caudill began to experience difficulty performing his job duties for KCRD due to discomfort of his back and neck. During his final year of employment, Caudill would often go home after work and lie on a heating pad. His last day on the job was November 13, 2001, after which he was unable to return to work. Caudill subsequently filed for disability benefits, alleging that he was disabled due to degenerative disc disease.

MRIs were performed on Caudill's back and neck in 2001 and 2002 which showed degenerative changes in his lumbar and cervical discs. Further, his physician testified that Caudill should not drive or operate heavy equipment due to the medication used to alleviate his pain. In fact, Caudill's physician stated that he was unable to perform his job duties for KCRD, a conclusion which KERS failed to dispute. However, KERS argued, and the hearing officer agreed, that Caudill's impairment resulted from a back injury suffered prior to his employment with KCRD.

KRS 61.600(3)(d) prohibits benefits from being awarded for an injury which results

"directly or indirectly from bodily injury, mental illness, disease, or condition which pre-existed membership in the system or reemployment, whichever is most recent." Caudill argued that his back injury was compensable because it was "substantially aggravated by an injury or accident arising out of or in the course of employment...." KRS 61.600(4)(a). The hearing officer, noting that Caudill had never filed a workers' compensation claim or otherwise reported any work-related injury to KCRD, found that Caudill did not suffer an injury, within the definition of KRS 61.600(3)(b), during his employment by KCRD. Thus, his report and recommended order concluded that Caudill was not entitled to disability benefits from KERS.

■ The Disability Appeals Committee adopted the hearing officer's report and recommended order. The Franklin Circuit Court affirmed the Disability Appeals Committee on the ground that Caudill's condition was the result, directly or indirectly, of his preexisting back injury, and this appeal followed. "In cases where an administrative agency acts in its capacity as a trier of the facts, we have held that the findings of the agency are conclusive if supported by substantial evidence." *Kentucky State Racing Commission v. Fuller*, 481 S.W.2d 298, 307 (Ky.1972). "In this jurisdiction, 'substantial evidence' means evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Owens–Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky.1998). (Citations omitted.) The appellate court is not authorized to "substitute its judgment as to the credibility of the witnesses and/or the weight of the evidence concerning questions of fact." *Kentucky Board of Nursing v. Ward*, 890 S.W.2d 641, 642 (Ky.App. 1994). (Citation omitted.)

■ Caudill essentially makes three arguments. First, he argues that his appeal involves a question of legal interpretation, not a factual question. He contends that the Disability Appeals Committee's decision was based upon an erroneous interpretation of KRS 61.600(3)(b), precluding cumulative trauma from being considered an injury. Thus, if cumulative trauma is considered an injury under KRS 61.600(3)(b), he next claims he is entitled to benefits. Finally, Caudill also contends that, during the course of his employment with KCRD, he sustained a separate injury to his neck. Consequently, he argues the hearing officer's factual finding that his injury predated his membership in the retirement systems was incorrect.

We turn first to Caudill's argument that his appeal presents a legal, rather than a factual, issue. Judge William L. Graham analyzed the issue thusly:

Caudill argues that Retirement Systems and its doctors improperly construed the term "injury" under [KRS 61.600(2)(b) ] to preclude injury from cumulative trauma. Since the definition of "injury" is one statutory construction, this court should review Retirement Systems' decision de novo.

Caudill is correct that it is improper for one of the Retirement Systems' doctors to conclude that injury from cumulative trauma is not compensable. That is a legal determination and should not be considered by a doctor in making a medical recommendation. However, that improper consideration does not change the result.

There is substantial evidence to support the finding that Caudill had a preexisting condition. Furthermore, the Retirement Systems (sic.) argument that it is impossible to distinguish whether Caudill's disability due to cumulative trauma arose from his employment with

KCRD or from his previous employment, or both, is persuasive. Importantly, the determination of when and under what conditions Caudill's disability arose, is a factual one. Agency factual determinations are given a high degree of deference by the Court. In this situation, where it is clearly possible that Caudill's injury arose from previous employment and/or work at home, we cannot overturn the Retirement Systems (sic.) decision.

The hearing officer found, as a matter of law, that Caudill did not meet his burden of proof by preponderance of the evidence that his back condition came into being after his membership in the retirement systems. The circuit court noted that two of Caudill's physicians, in their office notes, referred to his injury in 1980 as the starting date of his back pain. This injury clearly predated his employment by KCRD. Caudill himself testified that he pinched a nerve as a result of that 1980 injury, which caused his leg to go numb at times. He described being treated at St. Joseph Hospital with steroid injections and refusing back surgery. Caudill further admitted that he had not reported any work injuries while at KCRD, although he claimed to have sustained several. After reviewing the evidence before the Disability Appeals Committee, the circuit court correctly concluded that it did not compel a reversal of the agency's determination that Caudill's injury predated his membership in KERS.

We agree with Judge Graham that it was unnecessary to reach the issue regarding the statutory interpretation of KRS 61.600(3)(b) because Caudill's entitlement, or lack thereof, to disability benefits was determined by the factual proof regarding the cause of his injury. Thus, we need not reach the question of whether cumulative trauma may be considered an injury under this statute. Moreover, since the Disability Appeals Committee's factual findings regarding the cause of Caudill's injury are supported by substantial evidence, we are required to uphold them. *Kentucky State Racing Commission,* 481 S.W.2d at 307 (Ky.1972).

■ However, Caudill argues that, even if his back condition was preexisting, he sustained a separate injury to his cervical spine while employed at KCRD. We note, that neither the hearing officer, nor the circuit court, made any findings with regard to Caudill's alleged neck injury. Further, Caudill himself never requested any findings addressing the question of whether he sustained a separate injury to his neck. Where "no request was made for such findings ... we do not consider the issue on appeal." *Whicker v. Whicker,* 711 S.W.2d 857, 860 (Ky.App.1986). (Citations omitted.) Caudill's failure to preserve this issue in earlier proceedings precludes its consideration in the present appeal.

For the foregoing reasons, the judgment of the Franklin Circuit Court is affirmed.

ALL CONCUR.