RENDERED:  DECEMBER 11, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1680-MR

BRIAN BUSH                                                           APPELLANT

v.
APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 19-CI-00410

COMMONWEALTH OF KENTUCKY,
ENERGY AND ENVIRONMENT CABINET                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  LAMBERT, MAZE, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Brian Bush ("Appellant") appeals from an opinion and

order of the Franklin Circuit Court affirming an order of the Deputy Secretary of

the Energy and Environment Cabinet ("the Deputy Secretary").  The Deputy

Secretary's order upheld charges of open dumping, open burning, and a violation

of environmental performance standards against Appellant.  Appellant argues that

the Deputy Secretary's order is arbitrary, capricious, and provides no basis for ignoring the findings of the hearing officer. He also asserts that a finding of the creation of an open dump is contrary to the facts and the law, and the Deputy Secretary's order exceeded the Cabinet's statutory authority. For the reasons addressed below, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

Appellant is the owner of A-One Pallet, Inc., which repairs, recycles, and disposes of wood pallets. On July 31, 2013, Appellant purchased a parcel of real property situated in Boone County, Kentucky. Located on the property was an abandoned, uninhabitable mobile home and a shed. Appellant claims that he called the local sheriff's office regarding how to dispose of the mobile home and he was told to burn it. On August 11, 2013, Appellant hired an equipment operator to demolish the mobile home and shed, which created a large pile of debris. Onto the pile, Appellant deposited several pallets and scraps of pallets, as well as vegetation, trees, and other debris found on the property.

Boone County, Kentucky, was subject to a restriction on open burning between May 1, 2013 and September 30, 2013. Appellant was aware of the restriction. On October 4, 2013, Bill Fletcher, the Assistant Director of Boone County Emergency Management, inspected Appellant's parcel and determined that the pile of debris was arranged in such a way that it appeared to be a "burn pile."

Fletcher observed that the pile contained many items which could not be legally burned, including fiberglass insulation, PVC piping, treated wood pallets, and paint cans. Fletcher informed Appellant that these items could not be burned. Fletcher took over 100 photos, and described the pile as being 50' long x 30' wide x 15' high. He described the pile as containing dozens of painted, treated wood pallets, a tire and plastic items, paint cans and building components including fiberglass insulation, pressure-treated wood, drywall, and asphalt shingles. That evening, Fletcher spoke with Appellant on the phone and told him that while some of the items could be burned, many items should not be burned and should be disposed of by other means.

The pile of debris was burned on either October 11 or October 12, 2013, after which the Boone County Sheriff's Department, the Belleview-McVille Fire Department, and Boone County Emergency Management inspected the pile. Appellant denied setting the burn pile on fire. Appellant then asked a friend of his, who the record identifies as an arson investigator, to determine the cause of the burn. No cause was determined. Within about a week, Appellant ordered a roll-off dumpster and began cleaning up the burn pile.[1]

---

[1] The Franklin Circuit Court would later make a finding that Appellant began the cleanup of the property. The Cabinet asserts that Kelly Chapman with the Boone County Solid Waste Department told Appellant he could remove debris with a roll-off dumpster, but that Appellant should keep all of his weigh tickets and provide them to Chapman. The Cabinet contends that Appellant did not provide the weigh tickets, and has been unable to provide any proof that he began to remove items or dispose of them in a proper manner.

On November 27, 2013, the Cabinet issued a notice of violation to Appellant, citing him for violation of an open burning provision set out in 401 Kentucky Administrative Regulations ("KAR") 63:005. Appellant responded with a letter to the Cabinet, in which he described the debris as a burn pile.

On November 29, 2016, the Cabinet filed a complaint charging Appellant with violation of 401 KAR 63:005. On January 18, 2018, the Cabinet amended the complaint to add the charges of: 1) violation of Kentucky Revised Statutes ("KRS") 224.20-110 (air pollution); 2) KRS 224.40-100(1) (open dumping); and 401 KAR 30:031 §9 (environmental standards for solid waste facilities).

A hearing on the complaint was conducted on September 17, 2018, where seven witnesses testified. Evidence on various matters was adduced, including three witness statements that the debris appeared to be assembled for the purpose of open burning. On January 28, 2019, the hearing officer filed a report and recommended secretary's order, in which the hearing officer recommended a civil penalty against Appellant in the amount of $10,000 based on a violation of the open dump provisions of KRS 224.40-100. The hearing officer recommended that the Secretary deny the Cabinet's remaining claims because the Cabinet failed to present evidence that Appellant burned the debris pile or caused someone else to burn it.

The Cabinet filed exceptions to the hearing officer's recommendation, arguing that the Cabinet did not have to have direct evidence of Appellant setting the fire before liability under 401 KAR 63:005 could be imposed. Rather, it asserted that a preponderance of the evidence was sufficient to impose the penalty.

On March 25, 2019, the Deputy Secretary rendered an order partially adopting and partially rejecting the hearing officer's recommendations. The Deputy Secretary found Appellant liable on three of the four claims: open burning under 401 KAR 63:005, open dumping under KRS 224.40-100, and violation of environmental performance standards under 401 KAR 30:031 §9. On these claims, the Secretary determined that a preponderance of the evidence was sufficient to impose liability.

On April 23, 2019, Appellant appealed to the Franklin Circuit Court. He argued that the Deputy Secretary acted outside his authority by rejecting the hearing officer's recommendations as to the open burning and environmental performance charges, and erroneously affirmed the hearing officer's finding that Appellant maintained an open dump.

Upon taking proof, the Franklin Circuit Court determined that the Deputy Secretary did not err in declining to adopt the findings of the hearing officer regarding the open burning and environmental performance claims. It found that KRS 224.10-440(1) makes clear that the Deputy Secretary is required to

consider, but not adopt, the findings of a hearing officer during an administrative hearing. The court determined that the Deputy Secretary provided sufficient reasoning for his decision on those two matters by incorporating the Cabinet's exceptions by reference. Further, the court concluded that the Deputy Secretary did not err in adopting the hearing officer's finding that Appellant maintained an open dump, as this decision was based on substantial evidence and correct application of the law to the facts. This appeal followed.

## ARGUMENTS AND ANALYSIS

Appellant first argues that the Franklin Circuit Court erred in failing to conclude that the Deputy Secretary's order is arbitrary, capricious, and provides no basis for ignoring the findings of the Hearing Officer. Citing *Commonwealth Transportation Cabinet Department of Vehicle Regulation v. Cornell*, 796 S.W.2d 591, 594 (Ky. App. 1990), Appellant asserts that the review of an agency's decision is confined to the record of those proceedings, and the appellate tribunal is bound by the administrative decision if it is supported by substantial evidence of record. Appellant argues that the Deputy Secretary, acting on behalf of the Secretary, improperly rejected the findings of the hearing officer because the Deputy Secretary merely adopted the Cabinet's exceptions rather than making his own findings. The focus of his argument is that the Deputy Secretary merely adopted in part and rejected in part the findings of the hearing officer, which does

not satisfy the substantial evidence standard. He also argues that it prejudices his ability to contest the matter on appeal and complicates the job of the reviewing court. Further, he argues that the circuit court improperly made its own findings and, in so doing, acted outside the scope of its authority.

Appellant goes on to assert that the finding of liability on the charge of open dumping is contrary to the facts and the law, as Appellant was cleaning up a dump and not creating one, and was working with local officials to clean up the property. He contends that the approximately 30 untreated pallets he transported to the property were coated with a biodegradable, non-toxic, food grade stain, and do not constitute "waste" as defined in KRS 224.1-010(30). Finally, Appellant contends that the Cabinet's final order was signed by a Deputy Secretary and not the Secretary; therefore, the Cabinet acted outside of its statutory authority. He seeks an opinion reversing the opinion and order on appeal.

On appeal from a decision of an administrative decision, the appellate tribunal may accept the findings as true if supported by substantial evidence. *Bowling v. Natural Resources and Environmental Protection Cabinet*, 891 S.W.2d 406, 409 (Ky. App. 1994). Substantial evidence is "evidence of substance and relevant consequence, having the fitness to induce conviction in the minds of reasonable men." *Kentucky State Racing Comm'n v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972) (quotation marks and citation omitted). The trier of fact has great

latitude in considering the evidence and the credibility of witnesses. *Id*. The appellate court must accept the administrative agency's findings if supported by substantial evidence, even if conflicting evidence exists. *Kentucky Comm'n on Human Rights v. Fraser*, 625 S.W.2d 852, 856 (Ky. 1981).

In addition, if the court determines that the findings are supported by substantial evidence of record, it must then consider whether the agency correctly applied the law to the facts. *Kentucky Unemployment Ins. Comm'n v. Landmark Community Newspapers of Kentucky, Inc.*, 91 S.W.3d 575, 578 (Ky. 2002). Conclusions of law are reviewed *de novo*. *Aubrey v. Office of Attorney General*, 994 S.W.2d 516, 519 (Ky. App. 1998). If the agency's findings are supported by substantial evidence and it applied the correct rule of law to the facts, then its decision must be affirmed. *Kentucky Bd. of Nursing v. Ward*, 890 S.W.2d 641, 642 (Ky. App. 1994). In accordance with *Ward*, then, we must determine if the Franklin Circuit Court correctly concluded that the Cabinet, through its Deputy Secretary, made findings supported by substantial evidence and correctly applied the law to the findings.

On Appellant's first issue, we find no basis for concluding that the circuit court improperly failed to find that the Deputy Secretary's order is arbitrary or capricious, nor that the Deputy Secretary failed to state a proper basis for rejecting the findings of the hearing officer. KRS 224.10-440(1) sets out the

-8-

administrative hearing process.  After the hearing officer makes recommended findings, both parties have an opportunity to file exceptions.  *Id.*  The Secretary then has 90 days to consider the exceptions and render a final order.  *Id.*  Notably, the Secretary has the discretion to accept, reject, or modify the recommendations of the hearing officer.  400 KAR 1:090 §21.  This rule states,

> Section 21.  Secretary's Order.
>
> (1)  The secretary shall consider the hearing officer's report and recommended order, any exception filed, and response to any exception if permitted by statute, and decide the case within the time period required by statute.
>
> (2) The Secretary may:  . . .
>
>> (b) Adopt the report and recommended order of the hearing officer as a final order;
>>
>> (c) Adopt part of the report and recommended order of the hearing officer and issue a final order; or
>>
>> (d) Reject the report and recommended order of the hearing officer and issue a final order.
>
> . . .
>
> (4) A final order of the secretary shall be based on substantial evidence appearing in the record as a whole and shall set for the decision of the secretary and the facts and law upon which the decision is based.

In the matter before us, the Deputy Secretary incorporated by reference the Cabinet's exceptions which described the evidence of record

pertaining to the violation of Kentucky's open burn prohibition. That included evidence that Appellant hired an individual to demolish the mobile home, that the mobile home was collected in a burn pile, and that Appellant transported dozens of wood pallets and hundreds of pallet scraps to the property and placed them on the pile. Appellant testified that burning the pile was one means of disposing of the debris, and described the pile as a "burn pile." Appellant was familiar with the burn ban, and the debris was burned the first week after the ban expired. Fletcher and Fire Chief Jeff Hermes described the debris as a burn pile, and Appellant testified that it was not cost-effective to dispose of the pallets except by burning them. These facts were incorporated into the record by the Deputy Secretary.

Though Appellant denies starting the fire, substantial evidence is found in the record supporting the claim that he ignited the burn pile just after the burn ban ended. The Franklin Circuit Court correctly concluded that the Cabinet, through its Deputy Secretary, made findings supported by substantial evidence and correctly applied the law to those facts. We find no error.

Appellant next argues that the finding of an open dump is contrary to the facts and the law, and the Franklin Circuit Court erred in failing to so conclude. He asserts that the undisputed evidence makes very clear that Appellant was not operating an open dump but was cleaning one up. Appellant directs our attention to KRS 224.40-100(1), which provides that no person shall transport to or dispose

-10-

of waste at any site. He asserts that the only items he transported to the property were about 30 untreated pallets coated with a biodegradable, non-toxic, food grade stain. These items, he maintains, were not "waste" as defined in KRS 224.1-010(30), as they were not garbage, refuse, sludge, or other discarded materials. Appellant also points to KRS 224.43-020 in support of the argument that the Cabinet shall not enforce any provision of this Chapter against a person who is not the generator of the solid waste or is not disposing of it knowingly. Appellant argues that the did not generate the waste, because most of it was on the property when he purchased it. In sum, he argues that the circuit court erred in sustaining the Deputy Secretary's imposition of a penalty for dumping solid waste.

Again, the question for our consideration on this issue is whether the Franklin Circuit Court correctly concluded that the Cabinet, through its Deputy Secretary, made findings supported by substantial evidence and correctly applied the law to those findings. *Ward*, *supra*. The hearing officer, the Deputy Secretary, and the circuit court each determined that Appellant violated KRS 224.40-100(1), which provides that "[n]o person shall transport to or dispose of waste at any site or facility other than a site or facility for which a permit for waste disposal has been issued by the cabinet." An open dump is defined by KRS 224.1-010(37) to be "any facility or site for the disposal of solid waste which does not have a valid

permit issued by the cabinet or does not meet the environmental performance standards established under regulations promulgated by the cabinet[.]"

It is uncontroverted that Appellant transported dozens of pallets and hundreds of pallet scraps to the property for which no solid waste permit had been issued and placed them on the burn pile. This evidence, taken alone, constitutes substantial evidence sufficient to satisfy *Ward*. The Deputy Secretary implicitly rejected Appellant's argument that the pallets were placed on the burn pile merely to keep the other debris from blowing away and were not meant to be burned. The findings were supported by substantial evidence and the law was correctly applied to the facts. We find no error.

Lastly, Appellant argues that because the Cabinet's final order was signed by the Deputy Secretary, rather than the Secretary, the Cabinet acted in violation of its statutory powers. This issue was not raised below. "The Court of Appeals is without authority to review issues not raised in or decided by the trial court." *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989) (citations omitted); *see also Shelton v. Commonwealth*, 928 S.W.2d 817, 818 (Ky. App. 1996). "[E]rrors to be considered for appellate review must be precisely preserved and identified in the lower court." *Skaggs v. Assad, by and through Assad*, 712 S.W.2d 947, 950 (Ky. 1986) (citations omitted). As this issue was not raised below, there is nothing for us to review on this issue.

## CONCLUSION

Substantial evidence supports the Deputy Secretary's adopted findings, and the law was correctly applied to those findings. Accordingly, we affirm the opinion and order of the Franklin Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Marcus S. Carey
Erlanger, Kentucky

BRIEF FOR APPELLEE:

Timothy J. Mayer
Lena K. Seward
Frankfort, Kentucky