**FINANCE AND ADMINISTRATION CABINET, DEPARTMENT OF REVENUE, Appellant**

v.

**Peter S. SLAGEL and Linda Slagel, Appellees.**

No. 2007–CA–000495–MR.

Court of Appeals of Kentucky.

April 25, 2008.

Bethany A. Rice, Office of General Counsel, Frankfort, KY, for appellant.

Stephen W. Atwood, Lexington, KY, for appellee.

Before CAPERTON, LAMBERT, and THOMPSON, Judges.

## OPINION

LAMBERT, Judge.

The Department of Revenue (hereinafter "the Department") appeals from an order of the Franklin Circuit Court reversing the decision of the Kentucky Board of Tax Appeals' (hereinafter "the Board") determination of Kentucky domicile. For the reasons set forth herein, we reverse the order of the Franklin Circuit Court.

The Department adjusted the individual income tax returns of Peter and Linda Slagel for the tax years 1996 through 2000 to include wages earned by Peter while working in Venezuela. The total amount of the resulting assessment of additional tax, including fees, penalties, and interest, is $72,731.50. The Slagels protested the assessment, but the Department issued a final ruling upholding the adjustment. The Slagels appealed to the Board, which affirmed the Department's adjustment. The Slagels then appealed to the Franklin Circuit Court, which reversed the Board, finding that the Department failed to show with substantial evidence that Peter established domicile in Kentucky. This appeal followed.

◼ Judicial review of an administrative agency's action is concerned with the question of arbitrariness. *American Beauty Homes Corporation v. Louisville and Jefferson County Planning and Zoning Commission,* 379 S.W.2d 450, 456 (Ky. 1964).

In determining whether an agency's action was arbitrary, the reviewing court should look at three primary factors. The court should first determine whether the agency acted within the constraints of its statutory powers or whether it exceeded them. Second, the court should examine the agency's procedures to see if a party to be affected by an administrative order was afforded his procedural due process. The individual must have been given an opportunity to be heard. Finally, the reviewing court must determine whether the agency's action is supported by substantial evidence. If any of these three tests are failed, the reviewing court may find that the agency's action was arbitrary.

*Transportation Cabinet Dept. of Vehicle Regulation v. Cornell,* 796 S.W.2d 591, 594 (Ky.App.1990)(internal citations omitted). The trial court determined that the first two factors were fulfilled by the Department's decision, but they reversed the Department's holding under the third factor. Therefore, our question is whether the trial court was correct in determining that the Department's decision was not sup-

ported by substantial evidence. Whether a decision or action of the Department is unreasonable, arbitrary and capricious, because it is not based upon substantial evidence, is one of law, thus our review is de novo. *See Camera Center, Inc. v. Revenue Cabinet*, 34 S.W.3d 39, 41 (Ky.2000).

Where an administrative agency's decision is to deny relief to the party with the burden of proof or persuasion, as was the case here, the issue on appeal is whether the evidence in that party's favor is *so compelling that no reasonable person could have failed to be persuaded by it. See Carnes v. Tremco Mfg. Co.*, 30 S.W.3d 172, 176 (Ky.2000)(workers' compensation case); *Morgan v. Nat'l Resources & Envtl. Protection Cabinet*, 6 S.W.3d 833, 837 (Ky.App.1999)(emphasis added). "In its role as a finder of fact, an administrative agency is afforded great latitude in its evaluation of the evidence heard and the credibility of witnesses, including its findings and conclusions of fact." *Aubrey v. Office of Attorney General*, 994 S.W.2d 516, 519 (Ky.App.1998)(citing *Kentucky State Racing Commission v. Fuller*, 481 S.W.2d 298, 309 (Ky.1972)).

After careful review, we cannot say that the evidence was so compellingly in favor of the Slagels that no reasonable person could have failed to be persuaded by it. First, Peter was registered to vote in Kentucky in 1992 and exercised his right to vote in 1999 and 2000. He additionally held driver's licenses in both Kentucky and Venezuela. He owns property in Kentucky, maintains bank accounts in Kentucky, and has an incorporated business in Kentucky. His passport lists Kentucky as his "abode," and his last will and testament and power of attorney assert that he is "of Fayette County Kentucky." Finally, Linda and their children live in Lexington, Kentucky. In light of this fact alone, it seems likely that Peter has "the intention of returning" to but "no present intention of moving" from Lexington as required by Kentucky's definition of domicile. *See St. John v. St. John*, 291 Ky. 363, 163 S.W.2d 820, 822 (1942). In light of the totality of the evidence, we simply cannot find that the Department's decision was arbitrary or capricious.

Accordingly, we find that the trial court erred in substituting its judgment for the judgment of the Department on this factual determination. Therefore, we reverse the order of the Franklin Circuit Court and remand for proceedings consistent with this opinion.

ALL CONCUR.