**STUDOR, INC., Appellant**

v.

**COMMONWEALTH of Kentucky, OFFICE OF HOUSING, BUILDINGS AND CONSTRUCTION and Board of Housing, Buildings and Construction, Appellees.**

No. 2011–CA–000474–MR.

Court of Appeals of Kentucky.

May 4, 2012.

Discretionary Review Denied by Supreme Court Feb. 13, 2013.

Douglas T. Logsdon, Luke Morgan, Lexington, KY, for appellant.

Dawn Michele Bellis, Frankfort, KY, for appellees.

Before ACREE, MOORE and VANMETER, Judges.

## OPINION

VANMETER, Judge:

Studor, Inc. ("Studor") appeals from the Franklin Circuit Court's December 15, 2010, order denying its petition for a writ of mandamus and its related motion for summary judgment and granting summary judgment in favor of the Commonwealth of Kentucky's Office of Housing, Buildings and Construction and the Commonwealth of Kentucky's Board of Housing, Buildings and Construction (hereinafter collectively referred to as "Appellees"). For the following reasons, we affirm.

Studor is a Florida corporation in the business of distributing models of the Studor Air Admittance Valve ("AAV"), a plumbing device that introduces air into indoor plumbing systems to maintain the water trap seal. Since 1989, Studor has been seeking approval from Appellees for use of its AAV in Kentucky. Kentucky's current plumbing code ("the Code") permits the use of "open pipe venting" as a means of maintaining a water trap seal in plumbing systems. Open pipe venting systems utilize open vent pipes, which extend through the roof of a building and are connected to the plumbing system to allow air to enter the drainage system. An AAV, according to Studor, does not replace open pipe venting, but rather minimizes the need for vent piping, thereby minimizing the risk of water leakage through roof penetrations and mold development.

Appellees, in conjunction with the Department of Public Protection, State Plumbing Committee ("the Committee"), an entity created to serve in an advisory capacity with respect to the promulgation of plumbing regulations, have conducted numerous hearings on AAVs as alternative ventilation systems, hearing evidence presented by Studor on the efficacy and safety of AAVs, as well as noting the approval of AAVs in other states. Ultimately, Appellees elected not to promulgate a regulation or otherwise amend the Code to allow for use of Studor's AAV in Kentucky.

As a result, Studor petitioned the Franklin Circuit Court to issue a writ of mandamus ordering Appellees to amend the Code to allow for use of its AAV. Studor also moved for summary judgment, arguing that mandamus is an appropriate remedy as a matter of law based on Appellees' arbitrary and capricious refusal to amend the Code. Appellees moved for summary judgment on grounds that they have properly exercised their discretion in favoring open pipe venting over AAVs and that mandamus is not an appropriate remedy since Studor does not allege failure on their part to perform a ministerial duty. The court granted Appellees' motion and denied Studor's motion and petition by order entered December 15, 2010. The court subsequently denied Studor's motion to alter, amend or vacate that order. This appeal followed.

On appeal, Studor contends that the court erred by denying its petition for a writ of mandamus and its related motion for summary judgment, claiming that Appellees' actions were arbitrary and capricious because their determination was not supported by substantial evidence and denied Studor the minimum standards for procedural due process. Studor also claims that Appellees' determination denied it equal protection and favored special legislation. We disagree.

■ Kentucky law recognizes that the function of a writ of mandamus is to compel an official to perform duties of that official where an element of discretion does not occur. It does not usurp legislative powers or invade the functions of an independent branch of government.

. . . .

Mandamus compels the performance of ministerial acts or duties only. An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion.... Accordingly, if the statute directs the officer to perform a particular duty which does not involve discretion, the officer is required to do so[.]

*County of Harlan v. Appalachian Reg'l Healthcare, Inc.*, 85 S.W.3d 607, 612–13 (Ky.2002) (internal citations omitted). In other words, a court may issue a writ of mandamus to compel a body "to exercise its discretion in passing upon the matter before it, but such order should not ordinarily coerce a particular determination." *Clark v. Ardery*, 310 Ky. 836, 842, 222 S.W.2d 602, 605 (1949).

■■■ In certain circumstances, mandamus is available to remedy arbitrary and capricious acts of discretion when it appears that public authorities

have acted arbitrarily in the premises and have abused the public trust reposed in them to properly and fairly administer the provisions of the [statute]. In the administration of the duties imposed upon them by such terms of the [statute], municipal authorities cannot make discriminatory use of the discretionary powers given them, by granting privileges to certain individuals and arbitrarily denying them to others applying therefor under like circumstances and conditions. Where such arbitrary exercise or abuse of the police power given a municipality is attempted, the offending authorities may be compelled by mandamus to grant the right or permit, reasonably and properly applied for by one showing himself entitled thereto.

This legal principle, compelling like and equal treatment by municipalities of all like applicants, is thus stated ...: "Even conceding broad discretion in the public authorities, when the elements of discretionary action have been eliminated by acts of the parties, the question resolves itself into one of legal duty, which may be enforced by mandamus."

*Bell Bros. Trucking Co. v. Kelley*, 277 Ky. 781, 791–92, 127 S.W.2d 831, 836 (1939) (internal citations omitted).

■■ To determine whether an agency's actions were arbitrary, Kentucky courts consider three factors: (1) whether the agency acted within the limits of its statutory authority, (2) whether the party to be affected by the agency's decision was afforded procedural due process; specifically, the opportunity to be heard, and (3) whether the actions of the agency are supported by substantial evidence. *See Fin. & Admin. Cabinet, Dept. of Revenue v. Slagel*, 253 S.W.3d 74, 75 (Ky.App.2008) (citation omitted).

Summary judgment shall be granted only if "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR [1] 56.03. The trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky.1991) (citations omitted). Additionally, "a party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is

---

1. Kentucky Rules of Civil Procedure.

a genuine issue of material fact for trial." *Id.* at 482 (citations omitted).

On appeal from a granting of summary judgment, our standard of review is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky.App.2001) (citations omitted). Because no factual issues are involved and only legal issues are before the trial court on a motion for summary judgment, we do not defer to the trial court and our review is *de novo. Hallahan v. Courier–Journal*, 138 S.W.3d 699, 705 (Ky.App.2004).

■ Studor does not claim that Appellees exceeded their statutory authority, therefore we will proceed to the second factor in determining if Appellees' discretionary actions were arbitrary: whether Studor was afforded procedural due process. *Slagel*, 253 S.W.3d at 75. Pursuant to KRS[2] 198B.020, the Kentucky Board of Housing, Buildings and Construction ("Board"), created within the Kentucky Department of Housing, Buildings and Construction, has the power "[t]o promulgate administrative regulations for the safe installation and operation of plumbing and plumbing fixtures." KRS 198B.040(10). Studor most recently presented its AAV to the Committee in November 2007, which declined to recommend approval, and to the Board in May 2008, which denied approval. Since 1989, Studor has presented its AAV for approval in Kentucky on at least eleven occasions.

On review, the trial court observed that Studor provided no instance or evidence that it had ever been denied the opportunity to be heard on this issue or that statutory procedures were not followed. Instead, Studor argued that the opportunities afforded to it were not "meaningful." However, the record indicates that Studor was provided the opportunity to present evidence, discussed herein. An unfavorable outcome to Studor does not equate to a denial of due process under the law and thus Studor has failed to prove this factor.

■ Next, we must decide whether Appellees' actions were supported by substantial evidence. *Slagel*, 253 S.W.3d at 75. Studor claims that at the Committee meeting in November 2007, no evidence was tendered except by Studor. But Studor fails to identify any authority requiring the Committee to present evidence in rebuttal or in opposition to evidence presented. Studor further maintains that the evidence presented to the Board at various other meetings was insubstantial. Specifically, Studor contends that the evidence presented by Appellees was speculative and lacked probative value.

At the Board hearing in May 2008, issues relating to the AAV's product safety, potential financial benefit to consumers, and the practicalities of integrating the AAV into Kentucky's current open pipe venting system were addressed. Appellees point to the testimony presented at the Board hearing in May 2008, as well as to the deposition testimony of former Committee Chairman Steve Milby, in support of their claim that substantial evidence exists for denying approval of Studor's AAV. Milby's testimony reflects his concern about backpressure within a system meeting current Code requirements if an AAV is installed. Additionally, Bill Gibson, a plumbing contractor in Kentucky who has served on the Committee on and off since 1991, voiced his concerns about the potential for AAVs to tear up and leak sewer gas. Ed Crooks, an assistant business manager for the Plumbers and Pipe-

2. Kentucky Revised Statutes.

fitters Union Local 502, Louisville, testified that the trap seal Studor refers to violates the Code section referring to traps and violates the vent system that requires every fixture to be individually vented. Crooks emphasized that approval of Studor's AAV would require an enormous number of Code changes and stated that in his professional opinion, in 40 years' experience in this trade and in this industry, AAVs serve absolutely no significant savings to the homeowner, and open the door to the opportunity for people who are not qualified to work on the system to tamper with the AAVs and possibly cause health hazards. Finally, Ricky Russ, a member of the United Association Local 502 and current member of the Committee, stated that upon review and consideration of AAVs, he and the Committee had concerns about consumer safety. In his deposition testimony, Russ also stated his concerns about the emission of sewer gas into homes if Studor's AAV failed.

■ At the Board hearing, Studor's representative was afforded an opportunity to rebut all of the concerns voiced and did so. Studor refutes Appellees' concerns, arguing that Appellees lacked probative evidence of any AAV failure under conditions of backpressure, or evidence showing that AAVs are prone to allow sewer gas to enter structures. Studor further argues that no evidence showed specific instances of AAVs failing to function properly or contributing to health problems. In addition, if roof penetration is a concern, Stu-

dor asserts that AAVs minimize it. Studor emphasizes that any requirement in the Code pertaining to venting of plumbing fixtures could be easily addressed by a Code change and that resistance to change on behalf of the plumbing industry is unsupported by evidence that AAVs do not function properly, create risk to the public, or fail to deliver cost savings. Ultimately, the Board elected not to approve Studor's AAV product. Our review of the record discloses that this decision was supported by substantial evidence.[3]

■ Studor also challenges the standard used by Appellees for evaluating plumbing materials or methods. KRS 318.150 provides that "[n]o person shall use unsafe or defective material in the work of plumbing or drainage[ ]" and "**[o]nly the best known methods** of installing materials, fixtures, appurtenances and appliances, including water supply piping, waste, ventilating and soil piping, and sewage piping shall be employed." (Emphasis added). The court interpreted KRS 318.150 as concerning the materials and methods to be employed by plumbers generally, rather than dictating mandatory requirements of the Code. And, to the extent KRS 318.150 provides guidance to Appellees in promulgating plumbing regulations, the court found that it clearly leaves the determination of the "best known" methods to their discretion. Studor asserts that a different standard for evaluating plumbing methods and materials should be used, as set forth

3. Studor further claims that Appellees based their decision on improper preference to favor the economic interests of plumbers, yet the record shows that Appellees simply considered the input of the plumbing industry in exercising their discretion. Thus, both Studor's equal protection and special legislation claims fail; the record shows that its AAV was not held to a higher standard than the current open pipe venting system and that the Code does not favor open pipe venting without any substantial or justifiable reason. Instead, as discussed herein, Appellees' decision not to approve the use of Studor's AAV in Kentucky was based on substantial evidence and was not arbitrary or capricious. Moreover, contrary to Studor's assertion, the fact that its AAV has been accepted in other states and codes does not mandate its acceptance in this state.

in 815 KAR [4] 20:020, which provides:

> A part or material shall not be used in a drainage or plumbing system, other than those currently authorized by the code, unless the use of the part or material has been considered by the committee and approved by the department as being **equal to or better than** other similarly approved items[.]

815 KAR 20:020, Section 2(2) (emphasis added).

However, even if we evaluate Studor's AAV under the "equal to or better than" standard under 815 KAR 20:020, rather than the "best known method" standard under KRS 318.150, Appellees still properly exercised their discretion in declining to amend the Code or otherwise approve the product. Moreover, Appellees' decision in this regard is inherently discretionary; indeed, rulemaking may be one of the *most* discretionary agency functions. *See Yanero v. Davis*, 65 S.W.3d 510, 531 (Ky.2001). Therefore, while Studor disputes the weight given to the evidence presented, Studor fails to show that Appellees' decision was arbitrary or capricious. The court properly denied its petition for a writ of mandamus and related motion for summary judgment.

The order of the Franklin Circuit Court is affirmed.

ALL CONCUR.